**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF TEXAS**
**DALLAS DIVISION**

| | | |
|---|---|---|
| **SECURITIES AND EXCHANGE COMMISSION,** | ) | |
| **Plaintiff,** | ) | |
| **v.** | ) | **Civil Action No. 3:08-cv-02050 (SAF)** |
| **MARK CUBAN,** | ) | |
| **Defendant.** | ) | |

# APPENDIX TO MEMORANDUM OF LAW OF MARK CUBAN IN SUPPORT OF MOTION TO DISMISS

**Tab 1** **Excerpt of Mamma.com Inc., Annual Report (Form 20-F) (May 14, 2004) (Ex. 1)**

**Tab 2** **Mark Cuban Schedule 13G (March 15, 2004) (Ex. 2)**

**Tab 3** **E-mail from David Goldman on June 28, 2004 (Cited in Compl.¶ 15) (Ex. 3)**

**Tab 4** **Excerpt of Mamma.com Inc., Annual Report (Form 20-F) (May 27, 2005) (Ex. 4)**

**Tab 5** **Mark Cuban Schedule 13G (July 1, 2004) (Ex. 5)**

# TAB 1

20-F 1 f20front.htm FRONT PORTION

**Conformed With Exhibits**

**SECURITIES AND EXCHANGE COMMISSION**
**Washington, DC 20549**

**FORM 20-F**

[ ] REGISTRATION STATEMENT PURSUANT TO SECTION 12(b) or (g) OF THE SECURITIES EXCHANGE ACT OF 1934

OR

[X] ANNUAL REPORT PURSUANT TO SECTION 13 OR 15(d) OF THE SECURITIES EXCHANGE ACT OF 1934 FOR THE FISCAL YEAR ENDED DECEMBER 31, 2003

OR

[ ] TRANSITION REPORT PURSUANT TO SECTION 13 OR 15(d) OF THE SECURITIES EXCHANGE ACT OF 1934

**0-17164**
(Commission file number)

**MAMMA.COM INC.**
(Exact name of registrant as specified in its charter)

(FORMERLY INTASYS CORPORATION)

**PROVINCE OF ONTARIO (CANADA)**
(Jurisdiction of incorporation or organization)

**388 St. Jacques Street West, 8th Floor**
**Montréal, Quebec**
**Canada, H2Y 1S1**
(Address of principal executive offices)

**Securities registered or to be registered pursuant to Section 12(b) of the Act.**

None

**Securities registered or to be registered pursuant to Section 12(g) of the Act.**

Common Shares, no par value
(Title of Class)

**Sequential Page No: 1 of 350**

# TAB 2

<DOCUMENT>
<TYPE>SC 13G
<SEQUENCE>1
<FILENAME>schedule13gcuban.txt
<DESCRIPTION>SCHEDULE13GCUBAN
<TEXT>

UNITED STATES
SECURITIES AND EXCHANGE COMMISSION
Washington, D.C. 20549

SCHEDULE 13G

Under the Securities Exchange Act of 1934
(Amendment No. )*

Mamma.com, Inc.
(Name of Issuer)

Common Stock
(Title of Class of Securities)

56150Q102
(CUSIP Number)

March 4, 2004
(Date of Event Which Requires Filing of this Statement)

Check the appropriate box to designate the rule pursuant to which this Schedule is filed:

[ ] Rule 13d-1(b)
[x] Rule 13d-1(c)
[ ] Rule 13d-1(d)

*The remainder of this cover page shall be filled out for a reporting person's initial filing on this form with respect to the subject class of securities, and for any subsequent amendment containing information which would alter disclosures provided in a prior cover page.

The information required in the remainder of this cover page shall not be deemed to be "filed" for the purpose of Section 18 of the Securities Exchange Act of 1934 ("Act") or otherwise subject to the liabilities of that section of the Act but shall be subject to all other provisions of the Act (however, see the Notes).

(Continued on following pages)

<PAGE>

--------------------------------------------------------------------------------

1 NAMES OF REPORTING PERSONS Mark Cuban
I.R.S. IDENTIFICATION NOS. OF ABOVE PERSONS (Entities Only)

---

2 CHECK THE APPROPRIATE BOX IF A MEMBER OF A GROUP*
(a) [ ]
(b) [ ]

---

3 SEC USE ONLY

---

4 CITIZENSHIP OR PLACE OF ORGANIZATION

United States

---

| NUMBER OF SHARES BENEFICIALLY OWNED BY EACH REPORTING PERSON WITH | | |
|---|---|---|
| NUMBER OF | 5 SOLE VOTING POWER | 600,000 |
| SHARES BENEFICIALLY | 6 SHARED VOTING POWER | 0 |
| OWNED BY EACH | 7 SOLE DISPOSITIVE POWER | 600,000 |
| REPORTING PERSON WITH | 8 SHARED DISPOSITIVE POWER | 0 |

---

9 AGGREGATE AMOUNT BENEFICIALLY OWNED BY EACH REPORTING PERSON

600,000

---

10 CHECK BOX IF THE AGGREGATE AMOUNT IN ROW (9) EXCLUDES CERTAIN SHARES*

[ ]

---

11 PERCENT OF CLASS REPRESENTED BY AMOUNT IN ROW (9)

6.3% (1)

---

12 TYPE OF REPORTING PERSON*

IN

---

(1) Based on 9,538,011 shares of common stock of the Issuer outstanding on March 12, 2004.

<PAGE>

Item 1.

(a) Name of Issuer:

Mamma.com, Inc.

(b) Address of Issuer's Principal Executive Offices:

388 St. Jacques Street West, 9th Floor
Montreal, Quebec
H2Y 1S1
Canada

Item 2.

(a) Name of Person Filing:

Mark Cuban

(b) Address of Principal Business Office or, if none, Residence:

5424 Deloache Avenue
Dallas, Texas 75220

(c) Citizenship:

United States

(d) Title of Class of Securities:

Common Stock

(e) CUSIP Number:

56150Q102

Item 3. If this statement is filed pursuant to ss.240.13d-1(b) or ss.240.13d-2(b) or (c), check whether the person filing is a:

Not Applicable.

<PAGE>

Item 4. Ownership.

The following information relates to the reporting person's ownership of common stock of the Issuer as of March 15, 2004.

(a) Amount Beneficially Owned:

600,000

(b) Percent of Class:

6.3% (1)

(c) Number of shares as to which the person has:

(i) sole power to vote or to direct the vote:

600,000

(ii) shared power to vote or to direct the vote:

0

(iii) sole power to dispose or to direct the disposition of:

600,000

(iv) shared power to dispose or to direct the disposition of:

0

Item 5. Ownership of Five Percent or Less of a Class.

If this statement is being filed to report the fact that as of the date hereof the reporting person has ceased to be the beneficial owner of more than five percent of the class of securities, check the following [ ].

(1) Based on 9,538,011 shares of common stock of the Issuer outstanding on March 12, 2004.

<PAGE>

Item 6. Ownership of More than Five Percent on Behalf of Another Person.

Not Applicable.

Item 7. Identification and Classification of the Subsidiary Which Acquired the Security Being Reported on by the Parent Holding Company.

---

Not Applicable.

Item 8. Identification and Classification of Members of the Group.

Not Applicable.

Item 9. Notice of Dissolution of Group.

Not Applicable.

Item 10. Certification.

By signing below I certify that, to the best of my knowledge and belief, the securities referred to above were not acquired and are not held for the purpose of or with the effect of changing or influencing the control of the issuer of the securities and were not acquired and are not held in connection with or as a participant in any transaction having that purpose or effect.

<PAGE>

SIGNATURE

After reasonable inquiry and to the best of my knowledge and belief, I certify that the information set forth in this statement is true, complete and correct.

Date: March 15, 2004

/s/ Mark Cuban

Mark Cuban

</TEXT>
</DOCUMENT>

# TAB 3

From: David Goldman [mailto:dgoldman@intasys.com]
Sent: Monday, June 28, 2004 3:51 PM
To: Daniel Bertrand; Robert Raich; Irwin Kramer; David Schwartz; David Goldman; Claude E. Forget; Guy Faure
Subject: New Equity URGENT - YOUR APPROVAL REQUIRED

We are nearing completion of negotiation of the new equity raise. The definitive agreement is not completed yet but discussions with our counsel and that of the investors has resulted in substantially all of the terms and conditions reflecting those approved by the board. One last issue being addressed is that of penalties should, in effect, the company neglect to carry out all measures with respect to registration filings which, should we screw up, would result in a cashless exercise option with respect to warrants (repeat - this is only if we screw-up). This is subject to clarifying that this is not inconsistent with OSC regulations that may preclude any reference to cashless exercise.

We have also reworked the penalty issue for failing to register within 120 days such that the company would be subject to a maximum penalty of 5% payable either in cash or shares at our option at 1% per month.

Note: with respect to registration: We are nearing completion of filing for the 105,000 MAXIM warrants and, based on closing this equity raise prior to month's end, will piggyback the registration of the new equity/warrants (as well as warrants currently issued to Merriman Curhan
Ford) with this filing.

While the board had indicated that we raise $15 million, we may be slightly oversubscribed at about $17 million (final numbers not available). This is about 1.5 million shares at $10.85 if we include today's price plus 600,000 warrants at about $15.68 if incl. today's price. In addition to receiving your approval for the equity could you please approve this increased amount so that we do not have to put anyone on allocation?

Today, after much discussion, Guy spoke to Mark Cuban about this equity raise and whether or not he would be interested in participating. As anticipated he initially "flew off the handle" and said he would sell his shares (recognizing that he was not able to do anything until we announce the equity) but then asked to see the terms and conditions which we have arranged for him to receive from one of the participating investor groups with which he has dealt in the past.

With your approval, we would expect to close at the close of business either today or tomorrow depending on concluding the agreement.

Guy and Dave

# TAB 4

20-F 1 mamma20f_88389.htm FORM 20-F

**SECURITIES AND EXCHANGE COMMISSION**
**Washington, DC 20549**

**FORM 20-F**

[ ] REGISTRATION STATEMENT PURSUANT TO SECTION 12(b) or (g) OF THE SECURITIES EXCHANGE ACT OF 1934

OR

[X] ANNUAL REPORT PURSUANT TO SECTION 13 OR 15(d) OF THE SECURITIES EXCHANGE ACT OF 1934 FOR THE FISCAL YEAR ENDED DECEMBER 31, 2004

OR

[ ] TRANSITION REPORT PURSUANT TO SECTION 13 OR 15(d) OF THE SECURITIES EXCHANGE ACT OF 1934

**0-17164**
(Commission file number)

**MAMMA.COM INC.**
(Exact name of registrant as specified in its charter)

(FORMERLY INTASYS CORPORATION)

**PROVINCE OF ONTARIO (CANADA)**
(Jurisdiction of incorporation or organization)

**388 St. Jacques Street West, 9th Floor**
**Montreal, Quebec**
**Canada, H2Y 1S1**
(Address of principal executive offices)

**Securities registered or to be registered pursuant to Section 12(b) of the Act.**

None

**Securities registered or to be registered pursuant to Section 12(g) of the Act.**

Common Shares, no par value
(Title of Class)

**Securities for which there is a reporting obligation pursuant to Section 15(d) of the Act.**

None

**Indicate the number of outstanding shares of each of the issuer's classes of capital or Common Shares, as of May 12, 2005:**

12,263,029 Common Shares

**Indicate by a check mark whether the registrant (1) has filed all reports required to be filed by Section 13 or 15(d) of the Securities Exchange Act of 1934 during the preceding 12 months (or for such shorter period that the registrant was required to file such reports), and (2) has been subject to such filing requirements for the past 90 days.**

M5B 2M6.

*FINANCING*

***Recent Financings***

On June 30, 2004, the Company sold under a securities purchase agreement an aggregate of 1,515,980 common shares and 606,392 warrants to certain accredited investors for an aggregate price of $16,599,981. Net proceeds from the offering amounted to $15,541,162, net of issue cost of $1,058,819, $996,000 of which was paid to Merriman Curhan Ford & Co. ("MCF"). For this specific transaction, MCF waived their entitlement to a warrant component of the financing completion fee. Each warrant entitles the accredited investors to purchase one additional common share at an exercise price equal to $15.82 per share. The warrants will be exercisable beginning six months after the closing date, and will have a term of five years from the closing date.

On December 12, 2002, the Company entered into subscription agreements to sell 1,893,939 Units, for a purchase price of $1.32 per Unit or total proceeds of $2.5 million. Each Unit consisted of one share of Common Shares plus one nontransferable "A Warrant" that entitled the holder to purchase one additional Common Share at a price of $1.40 on or before November 30, 2004. Only in the event and upon the exercise of each respective A Warrant, the holder thereof was entitled to be issued one "B Warrant" that would entitle such holder to purchase one additional Common Share at a price of $1.50 on or before November 30, 2006. A placement fee of 142,045 Units was paid to a placement agent for arranging this financing and the A and B warrants attached were exercised in September 2003 and November 2003 respectively. A sum of $5,904,354 accrued to the treasury of the Company and a further 4,071,968 common shares of the Company were issued.

On August 6, 2001, the Company entered into subscription agreements to sell 600,000 Units, for a purchase price of $1.50 per Unit or total proceeds of $900,000. The Units were comprised of, in the aggregate, (i) 600,000 shares of Common Shares of the Company, (ii) 600,000 non-transferable warrants which entitled the holders thereof to purchase, until August 14, 2003, an aggregate of 600,000 shares of Common Shares of the Company at a price of US$2.40 per share (the "Class A Warrants") and (iii) on condition that the Class A Warrants had been exercised, 400,000 non-transferable warrants which would entitle the holders thereof to purchase, for a period of one year from the exercise of the Class A Warrants, an aggregate of 400,000 shares of Common Shares of the Company at a price of US$2.50 per share (the "Class B Warrants"). A placement fee of 54,000 Units (comprised of, in the aggregate, 54,000 shares of Common Shares of the Company, 54,000 Class A Warrants and 36,000 Class B Warrants) was paid to a placement agent for arranging this financing. None of these warrants were exercised and they expired at the close of trading on August 14, 2003.

***Recent agreements***

***Merriman Curhan Ford & Co.***

On March 16, 2004, the Company retained Merriman Curhan Ford & Co. ("MCF") as a financial advisor and as an investment banking advisor. The Company then signed two separate agreements. In consideration for financial services, the Company had committed to pay MCF a monthly fee of $5,000 for a minimum obligation of $30,000 and 10,000 warrants per month with a minimum issuance of 60,000 warrants, each warrant give the rights to purchase one common share of the Company. Warrants are issuable at an exercise price equal to the average closing bid for the last five trading days at the end of the month of issue, for the duration of the agreement upon the same terms and conditions. The warrants have a life of five years from the issuance date. For the investment banking services, the Company had committed to pay a cash financing completion fee equal to 6% of the total amount of capital received by the Company from the sale of its equity securities and warrants to purchase common shares of the Company in an amount equal to 6% of the number of common shares purchased by investors in capital raising transactions. The warrants are immediately exercisable at the higher of the price per share at which the investor can acquire common shares or the closing price of the Company's common shares at the date of the capital raising transaction. For merger and acquisition, the Company had committed to pay a success fee upon closing equal to the sum of 4% of up to $10,000,000 transaction value, 3% of $10,000,000 to $15,000,000 transaction value and 2% of greater than $15,000,000 transaction value, provided that MCF either introduces and/or performs specific services for the transaction. The minimum success fee for a transaction is $200,000. For a sale transaction, the Company had committed to pay a success fee with same parameters of an acquisition except for the minimum fee which is $500,000.

On July 16, 2004, the agreement for financial services, dated March 16, 2004 was amended. The Company committed to pay MCF a monthly fee of $5,000 for eight months from July 16, 2004. The agreement for investment banking services was amended on July 16, 2004 and subsequently amended on September 8, 2004. The Company then is committed to pay a success fee upon

# TAB 5

<DOCUMENT>
<TYPE>SC 13G/A
<SEQUENCE>1
<FILENAME>sc13gmarkcuban.txt
<DESCRIPTION>SCHEDULE 13G/A - MARK CUBAN - JULY 1, 2004
<TEXT>

UNITED STATES
SECURITIES AND EXCHANGE COMMISSION
WASHINGTON, D.C. 20549

SCHEDULE 13G

Under the Securities Exchange Act of 1934
(Amendment No.1)*

Mamma.com, Inc.
(Name of Issuer)

Common Stock
(Title of Class of Securities)

56150Q102
(CUSIP Number)

June 29, 2004
(Date of Event Which Requires Filing of this Statement)

Check the appropriate box to designate the rule pursuant to which this Schedule is filed:

[_] Rule 13d-1(b)

[X] Rule 13d-1(c)

[_] Rule 13d-1(d)

----------

* The remainder of this cover page shall be filled out for a reporting person's initial filing on this form with respect to the subject class of securities, and for any subsequent amendment containing information which would alter disclosures provided in a prior cover page.

The information required in the remainder of this cover page shall not be deemed to be "filed" for the purpose of Section 18 of the Securities Exchange Act of 1934 ("Act") or otherwise subject to the liabilities of that section of the Act but shall be subject to all other provisions of the Act (however, see the Notes).

(Continued on following pages)

<PAGE>

1. NAME OF REPORTING PERSONS
I.R.S. IDENTIFICATION NOS. OF ABOVE PERSONS (ENTITIES ONLY)

Mark Cuban

2. CHECK THE APPROPRIATE BOX IF A MEMBER OF A GROUP*
(a) [_]
(b) [_]

3. SEC USE ONLY

4. CITIZENSHIP OR PLACE OF ORGANIZATION

United States

| NUMBER OF SHARES BENEFICIALLY OWNED BY EACH REPORTING PERSON WITH | | |
|---|---|---|
| | 5. | SOLE VOTING POWER<br>0 |
| | 6. | SHARED VOTING POWER<br>0 |
| | 7. | SOLE DISPOSITIVE POWER<br>0 |
| | 8. | SHARED DISPOSITIVE POWER<br>0 |

9. AGGREGATE AMOUNT BENEFICIALLY OWNED BY EACH REPORTING PERSON

0

10. CHECK BOX IF THE AGGREGATE AMOUNT IN ROW (9) EXCLUDES CERTAIN SHARES* [ ]

11. PERCENT OF CLASS REPRESENTED BY AMOUNT IN ROW 9

0.0%

12. TYPE OF REPORTING PERSON*

IN

<PAGE>

Item 1

(a). Name of Issuer:
--------------

Mamma.com, Inc.

(b). Address of Issuer's Principal Executive Offices:
-----------------------------------------------

388 St. Jacques Street West, 8th Floor
Montreal, Quebec
Canada H2Y 1S1

Item 2

(a). Name of Person Filing:
---------------------

Mark Cuban

(b). Address of Principal Business Office, or if None, Residence:
-----------------------------------------------------------

5424 Deloache Avenue
Dallas, Texas 75220

(c). Citizenship:
-----------

United States

(d). Title of Class of Securities:
----------------------------

Common Stock

(e). CUSIP Number:
------------

56150Q102

Item 3. If this statement is filed pursuant to ss240.13d-1(b), or ss240.13d-2(b) or (c), check whether the person filing is a:

Not Applicable

<PAGE>

Item 4. Ownership.

---------

The following information relates to the reporting person's ownership of common stock of the Issuer as of July 1, 2004.

(a) Amount Beneficially Owned:

0

(b) Percent of Class:

0.0%

(c) Number of shares as to which the person has:

(i) sole power to vote or to direct the vote:

0

(ii) shared power to vote or to direct the vote:

0

(iii) sole power to dispose or to direct the disposition of:

0

(iv) shared power to dispose or to direct the disposition of:

0

Item 5. Ownership of Five Percent or Less of a Class.

If this statement is being filed to report the fact that as of the date hereof the reporting person has ceased to be the beneficial owner of more than five percent of the class of securities, check the following [X].

<PAGE>

Item 6. Ownership of More than Five Percent on Behalf of Another Person.

Not Applicable.

Item 7. Identification and Classification of the Subsidiary Which Acquired the Security Being Reported on by the Parent Holding Company.

Not Applicable.

Item 8. Identification and Classification of Members of the Group.

---------------------------------------------------------------

Not Applicable.

Item 9. Notice of Dissolution of Group.

Not Applicable.

Item 10. Certifications.

Not Applicable.

<PAGE>

SIGNATURE

After reasonable inquiry and to the best of my knowledge and belief, I certify that the information set forth in this statement is true, complete and correct.

Date: July 1, 2004

/s/ Mark Cuban
----------------------------------------
Mark Cuban

</TEXT>
</DOCUMENT>