IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION, | ) ) ) |
| Plaintiff | ) ) |
| v. | ) ) |
| MARK CUBAN, | ) ) |
| Defendant | ) ) ) |

Civil Action No. 3:08-cv-02050 (SAF)

## MARK CUBAN'S MOTION FOR JUDICIAL NOTICE

Mark Cuban files this motion requesting that the Court take judicial notice of certain documents cited in his motion to dismiss the Complaint pursuant to Federal Rule of Civil Procedure 12(b)(6) ("motion to dismiss").  Mr. Cuban's motion to dismiss is being filed on the same day as the instant motion.

In deciding Mark Cuban's motion to dismiss, the Court may consider matters of which it may take judicial notice.  *See* FED. R. EVID. 201(f) ("Judicial notice may be taken at any stage of the proceeding.").  The Fifth Circuit has held that when deciding a motion to dismiss a claim for securities fraud on the pleadings – such as Mr. Cuban's motion to dismiss – a court may consider "public disclosure documents required by law to be, and that have been, filed with the SEC, and documents that the plaintiffs either possessed or knew about and upon which they relied in bringing the suit" without converting the motion into one for summary judgment.  *Fin. Acquisition Partners LP v. Blackwell*, 440 F.3d 278, 286 (5th Cir. 2006); *Lovelace v. Software Spectrum Inc.*, 78 F.3d 1015, 1018 (5th Cir. 1996).  In addition, "[w]hen a plaintiff quotes from a

document used as a foundation for allegations in the complaint, the Court may examine the entire document to review a motion to dismiss." *Thornton v. Micrografx, Inc.,* 878 F.Supp. 931, 933 (N.D. Tex. 1995).

In considering Mr. Cuban's motion to dismiss, Mr. Cuban requests that the Court take judicial notice of the following documents attached as exhibits to this motion:[1]

1. Excerpt of Mamma.com Inc., Annual Report (Form 20-F) (May 14, 2004) (Ex. 1);

2. Mark Cuban Schedule 13G (March 15, 2004) (Ex. 2);

3. E-mail from David Goldman on June 28, 2004 (cited in Compl. ¶ 15) (Ex. 3);

4. Excerpt of Mamma.com Inc., Annual Report (Form 20-F) (May 27, 2005) (Ex. 4); and

5. Mark Cuban Schedule 13G (July 1, 2004) (Ex. 5).

Exhibits 1, 2, 4, and 5 above are relevant public disclosure documents which were required to be filed and were filed with the SEC, and are therefore appropriate for the Court's consideration. *Blackwell*, 440 F.3d at 286; *Lovelace*, 78 F.3d at 1018. Exhibit 3 above is an e-mail quoted in the Complaint (but was not attached to the Complaint). It is appropriate for the Court to take judicial review of the e-mail because it is a document the SEC knew about and relied upon in bringing this suit against Mr. Cuban, and the SEC quoted from it as a foundation of its allegations in the Complaint. *Blackwell*, 440 F.3d at 286; *Thornton,* 878 F.Supp. at 933.

In the event that the Court is of the opinion that consideration of any of the documents that are the subject of this motion would require the Court to treat Mr. Cuban's motion to dismiss as a motion for summary judgment under Rule 56, Mr. Cuban withdraws his request for judicial notice of those documents and asks that the Court not consider them in deciding his motion to dismiss.

---

[1] These documents are also contained in the Appendix to Mark Cuban's memorandum of law in support of his motion to dismiss.

## Conclusion

Under clear Fifth Circuit precedent, the Court may take judicial notice of SEC filings and the e-mail quoted in the Complaint in deciding Mark Cuban's motion to dismiss without converting his motion into a summary judgment motion. Therefore, Mark Cuban respectfully requests that the Court grant his motion and take judicial notice of the documents listed above in considering his motion to dismiss.

Respectfully submitted,

**DEWEY & LEBOEUF LLP**

By: /s/ Lyle Roberts
_____
Lyle Roberts (*pro hac vice*)
D.C. Bar No. 464789
Ralph C. Ferrara (*pro hac vice*)
D.C. Bar No. 156380
Stephen A. Best
D.C. Bar No. 428447
Henry W. Asbill
D.C. Bar No. 938811
DEWEY & LEBOEUF LLP
1101 New York Avenue, NW
Washington, D.C. 20005
Telephone: (202) 346-8000
Facsimile: (202) 346-8102
lroberts@dl.com
rferrara@dl.com
sbest@dl.com
hasbill@dl.com

Christopher J. Clark (*pro hac vice*)
N.Y. Bar No. 2854222
DEWEY & LEBOEUF LLP
1301 Avenue of the Americas
New York, New York 10019
Telephone: (212) 259-8000
Facsimile: (212) 259-6333
cjclark@dl.com

*Attorneys for Mark Cuban*

OF COUNSEL:

Stephen M. Ryan
Texas Bar No. 24002881
DEWEY & LEBOEUF LLP
1000 Main Street, Suite 2550
Houston, Texas 77002
Telephone 713-287-2025
713-445-2125 – Fax
sryan@dl.com

4

Paul Coggins
Texas Bar No. 04504700
Kip Mendrygal
Texas Bar No. 24041472
FISH & RICHARDSON P.C.
1717 Main Street, Suite 5000
Dallas, Texas 75201
Telephone: 214-747-5070
Facsimile: 214-747-2091
coggins@fr.com
mendrygal@fr.com

## CERTIFICATE OF CONFERENCE

On January 14, 2009, I conferred with counsel for plaintiff, Kevin P. O'Rourke, concerning the relief requested in this motion for judicial notice (the "Motion"). Mr. O'Rourke stated that he was opposed to the relief requested in the Motion on the ground that until he received Mr. Cuban's motion to dismiss and could review how the documents as to which judicial notice is being sought are used in that motion, he was not in a position to make an informed decision as to whether the relief requested in this Motion is appropriate.

/s/ Lyle Roberts
_____
Lyle Roberts

**CERTIFICATE OF SERVICE**

On January 14, 2009, I electronically submitted Mark Cuban's Motion for Judicial Notice with the Clerk of Court for the U.S. District Court, Northern District of Texas, using the electronic case filing system of the court. I hereby certify that I have served all counsel and/or pro se parties of record electronically or by another manner authorized by Federal Rule of Civil Procedure 5(b)(2).

/s/ Lyle Roberts
_____
Lyle Roberts