IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION, § § § | |
| Plaintiff, § § | |
| | § Civil Action No. 3:08-CV-2050-D |
| VS. § § | |
| MARK CUBAN, § § | |
| Defendant. § | |

Scheduling Proposal Due Date: February 16, 2009

### **ORDER**

Pursuant to Fed. R. Civ. P. 16(b) and 26(f) and the court's Civil Justice Expense and Delay Reduction Plan (the "Plan"), the court enters this order to promote prompt settlement or resolution of this action and to facilitate entry of the scheduling order required by Rule 16(b). Unless a scheduling conference is set by the court or requested by a party, the court will enter a scheduling order after reviewing the proposal required by this order. This order also addresses electronic filing and the requirements for judge's copies of pleadings, motions, or other papers submitted on paper or filed by electronic means.

### I. ELECTRONIC FILING OPTIONAL

Pursuant to N.D. Tex. Civ. R. 5.1(e), the court grants the parties the option of filing pleadings, motions, or other papers on paper. Filing by electronic means is permitted, not required.

### II. "JUDGE'S COPY" REQUIREMENTS

Pursuant to N.D. Tex. Civ. R. 5.1(b), when a pleading, motion, or other paper is submitted on paper, the party must file an original and one judge's copy with the clerk. When a pleading, motion, or other paper is filed by electronic means, the party must submit the judge's copy—i.e., a paper copy of the electronic filing—using the procedures for Chief Judge Fitzwater specified on the court's website. This information can currently be obtained by visiting http://www.txnd.uscourts.gov/filing/ecf.html and selecting the link for "Judges' Copy Requirements." (The term "judge's copy" is defined in N.D. Tex. Civ. R. 1.1(g) ("The term 'judge's copy' means a paper copy of an original pleading, motion, or other paper that is submitted for use by the presiding judge.").)

A party making an electronic filing should assume that the court is unaware of the filing until the judge's copy has been physically received in chambers, even if the filing requests "emergency,"

"expedited," or similar relief or provides for agreed relief concerning a fast-approaching deadline. When such relief is sought, counsel should arrange to have the judge's copy promptly delivered to chambers and should alert the court's staff telephonically to expect the delivery.

### III. APPLICATION OF RULES/ RULE 26(a)(1) INITIAL DISCLOSURE REQUIREMENTS/ RULE 26(a)(1)(E) OBJECTION PROCEDURE

The Federal Rules of Civil Procedure and the local civil rules of this court in effect on the date of this order apply to this case. Amendments to the foregoing rules also apply insofar as just and practicable.

The initial disclosure requirements of Rule 26(a)(1) apply to this case unless Rule 26(a)(1)(B) exempts disclosure or the parties stipulate otherwise. If, during the Rule 26(f) conference process, a party objects that initial disclosures are not appropriate and states the objection in the scheduling proposal, the party must also submit a separate letter with the proposal that alerts the court to the fact that the objection has been made.

### IV. REQUIREMENTS IF RULE 26(f) CONFERENCE ALREADY CONDUCTED

If the parties have already conducted a Rule 26(f) scheduling conference that fully complies with the one required by this order, they need not convene an additional conference. If the parties have already submitted to the court a Rule 26(f) written report that outlines their proposed discovery plan, they must also submit the joint proposal required by this order. The parties may, however, adopt portions of their written report by reference if they include a copy of the report with the proposal required by this order.

### V. MEETING REQUIREMENTS

Lead counsel for each party (or a designee attorney with appropriate authority) must meet in person at a mutually agreeable location, and no later than seven calendar days before the scheduling proposal due date set forth above. It is unacceptable to submit a proposal in which counsel recite that they were unable to meet in the required manner. They must obtain advance approval to eliminate the requirement that they meet in person. The requirement of an in-person meeting does not apply if one or more parties are proceeding *pro se*. In that instance, the Rule 26(f) conference may be conducted telephonically, by mail, or by other suitable means that will accomplish the conference requirement.

Counsel must confer regarding the matters specified in Rule 26(f) and by this order. If the case is not settled or otherwise resolved, counsel must file a proposal that contains the matters prescribed by § VI of this order. They must include in the proposal—under a separate heading—a status report that sets out the progress made toward settlement or other resolution and the present status of settlement negotiations. (In a nonjury case, the parties must not disclose settlement

figures.) It is unacceptable to include a rote recitation that settlement was discussed but was unsuccessful.

The parties must also advise the court regarding the advisability of referring the case for alternative dispute resolution (*see* Plan § III), or of conducting a court-supervised settlement conference, at an early stage of the litigation.

## VI. CONTENT OF PROPOSAL

If the case is not settled or otherwise resolved, the parties must submit a joint proposal that contains the proposals and views required by this section. If counsel cannot agree on a particular proposal, they must set forth each party's respective recommendation and must state why agreement could not be reached. The proposal must not be prepared in the form of a proposed order. The court enters its own order.

1. The proposal must—under a separate heading—state whether all the parties consent to referring this case to a magistrate judge for jury or nonjury trial, pursuant to 28 U.S.C. § 636(c). *See infra* § VIII. If all parties do not consent, the proposal need not identify which parties consent and which do not.

2. The proposal must contain proposed deadlines that limit the time to (a) join other parties and to amend the pleadings; (b) file motions, including summary judgment and other dispositive motions; (c) complete discovery; and (d) designate expert witnesses and make the expert disclosures required by Rule 26(a)(2).

3. At the parties' option, the proposal may also contain the parties' views and proposals concerning (a) modifications of the times for disclosures under Rule 26(a) and Rule 26(e)(1) and of the extent of discovery to be permitted; (b) provisions for disclosure or discovery of electronically stored information; (c) any agreements the parties reach for asserting claims of privilege or of protection as trial-preparation material after production; (d) the date or dates for conferences before trial, a final pretrial conference, and trial; (e) any matter not included in (a) through (d) that is addressed in Rule 26(f)(1)-(6); and (f) any other matters appropriate to the circumstances of the case.

## VII. JOINT RESPONSIBILITY FOR PROPOSAL

Pursuant to Rule 26(f), the attorneys of record and all unrepresented parties who have appeared in the case are jointly responsible for arranging and being present or represented at the meeting (or for otherwise conferring if exempt from the requirement of a face-to-face meeting), for attempting in good faith to agree on the scheduling proposal, and for submitting the proposal to the court no later than the due date set forth above.

## VIII. REASSIGNMENT TO MAGISTRATE JUDGE

Federal law provides that, with the consent of all parties, the court can reassign this case to the magistrate judge for further proceedings and trial. In this court, the assignment is made to the magistrate judge randomly assigned to the case at the time the case was filed. This procedure does not adversely affect the right of jury trial or of appeal directly to the circuit court. A party is free to withhold consent without adverse substantive consequences.

## IX. REQUESTS FOR EXTENSION DISFAVORED/ FAILURE TO FILE PROPOSAL

Because the court is to enter a scheduling order "as soon as practicable but in any event within 90 days after the appearance of a defendant and within 120 days after the complaint has been served on a defendant," *see* Rule 16(b), requests for extensions of time to file the proposal will be denied absent a showing of good cause.

If a party fails to file a timely proposal, the court will enter a scheduling order without soliciting further the views of the party.

## X. REQUIREMENT OF LOCAL COUNSEL OR OF REQUEST FOR LEAVE TO APPEAR WITHOUT LOCAL COUNSEL

Unless a party is proceeding *pro se*, an attorney is exempt under N.D. Tex. Civ. R. 83.11, or at least one attorney appearing for a party resides or maintains an office in this district, local counsel is required in this case. *See* Rule 83.10(a). This requirement applies to non-resident attorneys even if they are admitted to the Bar of this court.

Rule 83.10(a) provides that "[a]ttorneys desiring to proceed without local counsel must obtain leave from the presiding judge." Attorneys who request such leave must at least establish the ability to perform the duties of local counsel described in Rule 83.10(b)—i.e., to present and argue a party's position at any hearing called by the presiding judge on short notice, and to be able to perform, on behalf of the party represented, any other duty required by the presiding judge or the local rules of this court. Any request for such leave must be filed promptly, and, if an opposing party has appeared in this case, must be accompanied by a certificate of conference that complies with Rule 7.1(b).

**SO ORDERED**.

January 15, 2009.

_____
SIDNEY A. FITZWATER
CHIEF JUDGE