**ORIGINAL**

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

```
U.S. DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
       FILED

    FEB 5 2009

CLERK, U.S. DISTRICT COURT
By _____
        Deputy
```

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION, | ) |
| | ) |
| | ) |
| Plaintiff | ) |
| | ) |
| v. | ) |
| | ) |
| MARK CUBAN, | ) |
| | ) |
| Defendant | ) |

Civil Action No. 3:08-cv-02050 (SAF)

## AMENDED BRIEF OF *AMICI CURIAE* IN SUPPORT
## OF DEFENDANT'S MOTION TO DISMISS

Section 10(b) of the Securities Exchange Act of 1934 creates fraud liability for conduct involving a "deceptive device or contrivance" used "in connection with" the purchase or sale of securities. In *U.S. v. O'Hagan*, 521 U.S. 642 (1997), the U.S. Supreme Court found that Section 10(b) permits liability for insider trading based on the misappropriation theory. Under that theory, "a fiduciary's undisclosed, self-serving use of a principal's information to purchase or sell securities, in breach of a duty of loyalty and confidentiality, defrauds the principal of the exclusive use of that information." *Id.* at 652. The Court emphasized, consistent with its earlier insider trading rulings, that *only* if the defendant has breached a fiduciary or similar relationship of trust and confidence can the defendant be found to have engaged in the requisite deception through nondisclosure. *Id.*

In the context of a business relationship, a confidentiality agreement alone is insufficient to create a fiduciary or similar relationship of trust and confidence between the parties. Under both state and federal common law, a confidentiality agreement alone creates only an obligation

to maintain the secrecy of the information, not a fiduciary or fiduciary-like duty to act loyally to the source of the information. In the absence of any other facts or circumstances indicating the existence of a fiduciary or similar relationship of trust and confidence, there can be no insider trading liability based on the misappropriation theory pursuant to Section 10(b).

After the *O'Hagan* decision, the Securities and Exchange Commission (SEC) promulgated Rule 10b5-2. 17 C.F.R. § 240.10b5-2 (2002). The adopting release states that the rule was designed to address when "a breach of a family or other non-business relationship may give rise to liability under the misappropriation theory of insider trading." *Selective Disclosure and Insider Trading*, 65 FR 51716 (Aug. 24, 2000). Federal courts likewise have found that Rule 10b5-2 does not apply in the context of business relationships. *See, e.g., SEC v. Talbot*, 430 F. Supp. 2d 1029, 1061 n.91 (C.D. Cal. 2006).

Rule 10b5-2 purports to provide a non-exclusive list of three situations in which a person is deemed to have a "duty of trust or confidence" for purposes of applying the theory. 17 C.F.R. § 240.10b5-2 (2002) (preliminary note). The first situation in which a person is deemed to have a "duty of trust or confidence" is "[w]henever a person agrees to maintain information in confidence." *Id.* § 240.10b5-2(b)(1).

Assuming that Rule 10b5-2(b)(1) is even applicable to business relationships, a confidentiality agreement alone would be insufficient to establish the existence of a fiduciary or similar relationship of trust and confidence. The SEC's use of the phrase "trust *or* confidence" in Rule 10b5-2(b)(1), as opposed to the *O'Hagan* standard of "trust *and* confidence," suggests that the SEC sought to go beyond the *O'Hagan* articulation of the misappropriation theory. If Rule 10b5-2(b)(1) creates potential liability based *solely* on the existence of a confidentiality agreement, the rule is an invalid exercise of the agency's rulemaking authority. Interpreted in

2

this manner, Rule 10b5-2(b)(1) directly contradicts the Supreme Court's rulings on the scope of

Section 10(b) liability for insider trading because it would create liability without the existence

of a fiduciary or similar relationship of trust and confidence.  The SEC does not have the

authority to adopt rules that impermissibly expand the scope of Section 10(b) liability.  *Santa Fe*

*Industries, Inc. v. Green*, 430 U.S. 462 (1977); *Ernst & Ernst v. Hochfelder*, 425 U.S. 185

(1976).

Respectfully submitted,

_____
Allen Ferrell
Greenfield Professor of Securities Law
Harvard Law School
Cambridge, Massachusetts 02138
(617) 495-8961
fferrell@law.harvard.edu

*On Behalf of Himself and the Amici Curiae:*

Stephen Bainbridge
William D. Warren Professor of Law
UCLA Law School
PO Box 951476
Los Angeles, California 90095-1476
bainbridge@law.ucla.edu

M. Todd Henderson
Assistant Professor of Law
University of Chicago Law School
1111 East 60th Street
Chicago, IL 60637
toddh@uchicago.edu

Alan R. Bromberg
University Distinguished Professor of Law
SMU Dedman School of Law
Dallas, Texas
abromber@mail.smu.edu

Jonathan R. Macey
Sam Harris Professor of Corporate Law,
Finance, and Securities Regulation
Yale Law School
127 Wall Street
New Haven, CT 06511
jonathan.macey@yale.edu

CERTIFICATE OF SERVICE

I certify that a copy of the foregoing Amended Brief of Amici Curiae in Support of Defendant's Motion to Dismiss was served on the counsel of record listed below, by first class U.S. mail, on February 5, 2009.

Mr. Kevin P. O'Rourke
U.S. Securities & Exchange Commission
100 F. St. NE
Washington, DC 20549
> *Attorney for Plaintiff*
> *Securities and Exchange Commission*

Mr. Lyle Roberts
Dewey & LeBoeuf LLP
1101 New York Avenue, NW, Suite 1100
Washington, DC 20005
> *Attorneys for Defendant Mark Cuban*

Allen Ferrell / PEC
_____
Allen Ferrell

4