IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| **SECURITIES AND EXCHANGE COMMISSION**, | : |
| Plaintiff | : |
| v. | : Civil Action No.: 3-08-CV2050-D (SAF) |
| **MARK CUBAN**, | : |
| Defendant. | : |

## RULE 26(f) REPORT AND PROPOSAL

Pursuant to Fed. R. Civ. P. 26(f), Plaintiff Securities and Exchange Commission ("SEC") and Defendant Mark Cuban submit this Report and Proposal.

1. **Party Conference.**

   On February 4, 2009, the parties conferred in person at the offices of Dewey & LeBoeuf LLP in Washington, D.C. to consider the items required in the Court's January 15, 2009 Order.

2. **Status Report Regarding Settlement.**

   The parties discussed settlement but were unable to reach a mutually agreeable resolution. Counsel for the Plaintiff SEC stated that any proposed settlement would be subject to review and approval by the full Commission. Counsel for the Plaintiff further stated that a settlement would need to be consistent with the Commission's insider trading enforcement standards. Defendant Cuban stated that settlement on the SEC's terms was unacceptable. The parties recognize that they have an obligation to the Court to continue

to give good faith consideration to settlement. Defendant Cuban believes that if either party changes its settlement stance, the parties should discuss settlement further.

3. **Alternative Dispute Resolution or Court-Supervised Settlement.**

   The parties agreed that it is not advisable to refer this case for alternative dispute resolution or to conduct a court-supervised settlement conference at this stage of the litigation.

4. **Referral to Magistrate Judge.**

   The parties do not consent to referral of this case to a magistrate judge for trial.

5. **Initial Disclosures pursuant to Rule 26(a)(1).**

   The parties did not reach agreement as to the date by which initial disclosures should be made.

   *Plaintiff SEC's Proposal.* Plaintiff SEC's response to Defendant Cuban's Motion to Dismiss and the Brief of the Amici Curiae in Support of Defendant's Motion to Dismiss is due on February 27, 2009. Plaintiff SEC proposes that the Fed. R. Civ. P. 26(a)(1) initial disclosures by the parties be exchanged thereafter, on March 16, 2009.

   *Defendant Cuban's Proposal.* Defendant Cuban proposes that the Fed. R. Civ. P. 26(a)(1) initial disclosures by the parties be exchanged no later than February 28, 2009.

6. **Discovery Period.**

   The parties did not reach an agreement as to the period for discovery or whether discovery should occur in phases.

   *Plaintiff SEC's Proposal.* Plaintiff SEC proposes that discovery, other than initial disclosures, begin on April 1, 2009 and be completed, including all expert discovery, on

January 29, 2010.  Plaintiff SEC notes that depositions of certain witnesses may need to be taken in Canada pursuant to Letters Rogatory filed with the appropriate Canadian courts.  Plaintiff SEC proposes that discovery related to all aspects of the litigation occur simultaneously and not in phases, other than expert discovery.

*Defendant Cuban's Proposal*.  Defendant Cuban proposes that discovery begin immediately and be completed by August 1, 2009.  Defendant Cuban proposes that the discovery period for interrogatories and requests for the documents be limited as described in ¶ 8 below.  Defendant Cuban regards the issues raised by Plaintiff SEC concerning depositions in Canada to be hypothetical and, in any event, those issues should not be permitted to delay completion of all other discovery.

7. **Subjects On Which Discovery May Be Needed.**

    The parties did not reach agreement as to the subjects on which discovery may be needed.

    *Plaintiff SEC's Proposal*.  Plaintiff SEC identifies the subjects on which fact discovery may be needed as the facts alleged in the Complaint, together with relevant rebuttal and impeachment matters.

    *Defendant Cuban's Proposal*.  Defendant Cuban identifies the subjects on which fact discovery may be needed as the facts alleged in the Complaint, relevant rebuttal and impeachment matters, all of the SEC's investigations relating to Mr. Cuban, the SEC enforcement staff's recommendation that an insider trading suit be brought against Mr. Cuban, and the Commission's decision to bring such a suit.

    *Plaintiff SEC's Response to Defendant Cuban's Proposal*.  Plaintiff SEC believes that discovery related to the SEC's investigation, staff's recommendation, and Commission decision is improper and not relevant.  See, e.g., SEC v. Keating, No. CV 91-6785

(SVW), 1992 WL 207918, at *4 (C.D. Cal. July 23, 1992)("The scope and conduct of the SEC's prefiling investigation bears absolutely no relevance to [defendant]'s culpability, which will be decided upon a presentation of the evidence.").

*Defendant Cuban's Response to Plaintiff SEC's Comments*. The *SEC v. Keating* case is totally inapposite and factually distinguishable. See, e.g., SEC v. Collins & Aikman Corp., et al., No. 07 Civ. 2419(SAS), 2009 WL 94311 (S.D.N.Y., Jan. 13, 2009). Defendant Cuban would be happy to brief the issue fully if the Court so requests.

8. **Written Discovery.**

    The parties did not reach agreement as to the date by which written discovery should be served.

    *Plaintiff SEC's Proposal*. Plaintiff SEC proposes that interrogatories and requests for documents be served during the discovery period, but does not agree to an early deadline for the service of interrogatories or requests for documents.

    *Defendant Cuban's Proposal*. Defendant Cuban proposes that interrogatories and requests for documents be served no later than March 6, 2009.

9. **Fact Witness Depositions.**

    The parties agreed, subject to subsequent agreement between the parties or leave of the Court, to initially limit the number of depositions of fact witnesses taken by each party to ten (10). The parties did not reach agreement as to the duration of depositions of fact witnesses.

    *Plaintiff SEC's Proposal*. Plaintiff SEC proposes that each party be entitled to depose each fact witness for a total of up to seven (7) hours, with the exception that Plaintiff SEC proposes that it be permitted to depose Defendant Cuban for two (2) days.

*Defendant Cuban's Proposal*. Defendant Cuban proposes that each party be permitted to depose each fact witness for up to three and one-half (3.5) hours resulting in a total potential deposition length of up to seven (7) hours for each fact witness.

10. **Expert Discovery.**

    The parties did not reach agreement as to the dates by which expert reports should be exchanged or other expert discovery completed.

    *Plaintiff SEC's Proposal*. Plaintiff SEC proposes exchanging expert reports no later than November 30, 2009, exchanging rebuttal expert reports, if any, no later than December 31, 2009, and completing expert depositions no later than January 29, 2010.

    *Defendant Cuban's Proposal*. Defendant Cuban proposes that SEC Plaintiff expert reports be provided to Defendant Cuban by June 26, 2009 and that depositions of Plaintiff SEC's experts occur between that date and August 1, 2009. Defendant Cuban proposes that Defendant Cuban provide expert reports to SEC Plaintiff by July 17, 2009 and that depositions of Defendant Cuban's experts occur between that date and August 1, 2009. Defendant Cuban proposes closing expert discovery on August 1, 2009.

11. **Amendment of Pleadings.**

    The parties agreed to seek leave to amend the pleadings no later than thirty (30) days before the close of discovery.

12. **Motions for Summary Judgment and Other Dispositive Motions.**

    The parties did not reach agreement as to the date by which motions for summary judgment or other dispositive motions must be served.

*Plaintiff SEC's Proposal*. Plaintiff SEC proposes that motions for summary judgment and other dispositive motions be filed no later than March 1, 2010.

*Defendant Cuban's Proposal*. Defendant Cuban proposes the simultaneous filing of motions for summary judgment on August 6, 2009, the simultaneous filing of oppositions to motions for summary judgment on September 8, 2009, and the simultaneous filing of replies to oppositions to motions for summary judgment on September 18, 2009.

13. **Final Pre-Trial Conference and Trial Scheduling.**

    *Plaintiff SEC's Proposal*. Plaintiff SEC proposes that the parties file a joint estimate of trial length and status report concerning settlement by January 29, 2010. Plaintiff SEC proposes that dates for a final pretrial conference and trial be set subsequently by a separate order establishing trial-related deadlines subject to the Court's discretion and calendar. Plaintiff SEC believes that it is premature in a civil case in this Court to attempt to establish a trial date or length of trial.

    *Defendant Cuban's Proposal*. Defendant Cuban proposes that the Court set a firm trial date at or around the end of November 2009 (with appropriate additional dates for pre-trial conferences and relevant motions hearings) and limit the length of the trial to a maximum of two weeks. This is a simple case and Mr. Cuban wants and is entitled to a speedy trial. Mr. Cuban would be happy to elaborate further on his position at a scheduling conference or, if the Court permits, in a separate submission.

14. **Discovery of Electronically Stored Information.**

    The parties discussed issues relating to the discovery of electronically stored information and agreed to produce information in a Concordance-ready format.

15. **Scheduling Conference.**

Plaintiff SEC does not believe a scheduling conference to be necessary and would defer to the scheduling order entered by the Court, recognizing that certain issues may require the filing of discovery motions.

Defendant Cuban requests a scheduling conference with the Court in order to present fully the merits of his proposed schedule as set forth herein, and the reasons Plaintiff SEC's proposed schedule should not be followed.

Date: February 12, 2009

Respectfully submitted,

_s/ Kevin P. O'Rourke_
Kevin P. O'Rourke (D.C. Bar. No. 254920)
Julie M. Riewe (D.C. Bar. No. 472470)
Adam S. Aderton (D.C. Bar. No. 496247)
U.S. Securities & Exchange Commission
100 F Street, N.E.
Washington, D.C. 20549
Tel: (202) 551-4442 (O'Rourke)
Fax: (202) 772-9246 (O'Rourke)
orourkek@sec.gov

Toby Galloway (Tex. Bar. No. 00790733)
U.S. Securities & Exchange Commission
Burnett Plaza, Suite 1900
801 Cherry Street, Unit 18
Fort Worth, TX 76102
Tel: (817) 978-6447
Fax: (817) 978-2700

*Counsel for Plaintiff Securities & Exchange Commission*

__s/ Lyle Roberts__
Lyle Roberts
D.C. Bar No. 464789
Ralph C. Ferrara D.C.
Bar No. 156380

Stephen A. Best
D.C. Bar No. 428447
Henry W. Asbill
D.C. Bar No. 938811
Dewey & LeBoeuf LLP
1101 New York Avenue, NW
Washington, D.C. 20005
Tel: (202) 346-8000
Fax: (202) 346-8102
lroberts@dl.com
rferrara@dl.com
sbest@dl.com
hasbill@dl.com

Christopher J. Clark
N.Y. Bar No. 2854222
Dewey & LeBoeuf LLP
1301 Avenue of the Americas
New York, NY 10019
Tel: (212) 259-8000
Fax: (212) 259-6333
cjclark@dl.com

Stephen M. Ryan
Texas Bar No. 24002881
Dewey & LeBoeuf LLP
1000 Main Street, Suite 2550
Houston, TX 77002
Tel: (713) 287-2025
Fax: (713) 445-2125
sryan@dl.com

Paul Coggins
Texas Bar No. 04504700
Kip Mendrygal
Texas Bar No. 24041742
Fish & Richardson P.C.
1717 Main Street, Suite 5000
Dallas, Texas 75201
Tel: (214) 747-5070
Fax: (214) 747-2091
coggins@fr.com
mendrygal@fr.com

*Counsel for Defendant Mark Cuban*