**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION**

|  |  |  |
|---|---|---|
| **SECURITIES AND EXCHANGE COMMISSION**, | : | |
| Plaintiff, | : | Civil Action No.: 3-08-CV2050-D |
| v. | : | |
| **MARK CUBAN**, | : | |
| Defendant. | : | |

### PLAINTIFF'S MOTION TO ALTER OR AMEND JUDGMENT

Plaintiff Securities and Exchange Commission respectfully requests that the Court alter

or amend its judgment in accordance with Federal Rule of Civil Procedure 59(e). Specifically,

the Court should alter or amend the judgment to remove the provision taxing costs against

Plaintiff. As a matter of law, costs cannot be assessed against the SEC.

**I.      FACTS**

On July 17, 2009, the Court issued its Memorandum Opinion and Order, dismissing the

SEC's case but granting permission to replead. On August 12, 2009, the SEC timely filed a

"Notice and Request Pursuant to the Court's July 17, 2009 Memorandum Opinion and Order,"

respectfully requesting that that "the Court enter the final judgment against it to initiate the time

for consideration of an appeal." On August 13, the Court entered its Judgment. The Judgment

provides in part: "Cuban's costs of court, as calculated by the clerk of court and to the extent

allowable under 28 U.S.C. § 1920, are taxed against Plaintiff."

## II.    MEMORANDUM OF LAW

The Securities Exchange Act of 1934 prohibits the award of costs against the SEC in a civil enforcement action.  Section 27 of the Exchange Act [15 U.S.C. § 78aa] provides: "<u>No costs shall be assessed</u> for or against the Commission in any proceeding under this [chapter or subchapter] brought by or against it in the Supreme Court or [the district courts]."  (emphasis added); *see SEC v. Independence Drilling Corp.,* 595 F.2d 1006, 1008 (5th Cir. 1979) (reversing district court's award of costs of receivership against SEC, noting that section 27 of the Exchange Act bars the assessment of costs against the Commission, and further stating that an award of costs against an agency of the United States is contrary to the doctrine of sovereign immunity); *see also United States v. Idaho*, 508 U.S. 1, 8 (1993) (a specific waiver of sovereign immunity is required before the government may be held liable for "monetary exactions," and award of costs is the sort of monetary exaction that is barred by sovereign immunity); *John Doe # 1 v. Veneman*, 380 F.3d 807, 821, n. 55 (5th Cir. 2004) (reaffirming principle that waiver of sovereign immunity must be "specific").

## III. CONCLUSION AND REQUEST FOR RELIEF

Because the award of costs against the SEC is prohibited by statute and sovereign immunity, Plaintiff respectfully requests that the Court alter or amend the judgment to remove the provision taxing costs against Plaintiff.

August 13, 2009

Respectfully submitted,

*s/ Kevin P. O'Rourke*

Toby M. Galloway
Texas Bar No. 00790733
Securities and Exchange Commission
Burnett Plaza, Suite 1900
801 Cherry Street, Unit 18
Fort Worth, TX  76102
(817) 978-6447
(817) 978-2700 (fax)

Kevin P. O'Rourke (D.C. Bar No. 254920)
Julie M. Riewe (D.C. Bar No. 472470)
Adam S. Aderton (D.C. Bar No. 496247)
Securities and Exchange Commission
100 F Street, N.E.
Washington, D.C.  20549
(202) 551-4442 (O'Rourke)
(202) 772-9246 (fax) (O'Rourke)
orourkek@sec.gov

*Attorneys for Plaintiff*
*Securities and Exchange Commission*

## CERTIFICATE OF CONFERENCE

I certify that on August 13, 2009, I conferred with Kip Mendrygal, one of the attorneys for Mr. Cuban, regarding the merits of this motion.   Mr. Mendrygal stated that Mr. Cuban does not oppose the relief sought in this motion.

*s/ Toby M. Galloway*
Toby M. Galloway

## CERTIFICATE OF SERVICE

I hereby certify that on August 13, 2009, I electronically filed the foregoing document with the Clerk of the Court for the Northern District of Texas, Dallas Division, by using the CM/ECF system which will send notification of such filing to all CM/ECF participants and counsel of record.

_s/ Kevin P. O'Rourke_
Kevin P. O'Rourke
