## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF TEXAS
## DALLAS DIVISION

| | | |
|---|---|---|
| SECURITIES AND EXCHANGE COMMISSION, | ) ) ) | |
| Plaintiff | ) ) | |
| v. | ) ) | Civil Action No. 3:08-cv-02050 (SAF) |
| MARK CUBAN, | ) ) ) | |
| Defendant. | ) ) | |
| _____ | ) | |

## AMENDED ANSWER

Mark Cuban ("Cuban") files this amended answer to the Securities and Exchange Commission's ("SEC's") Complaint, pursuant to Federal Rule of Civil Procedure 15(a)(1).

## ADMISSIONS AND DENIALS

### Summary of Allegations

1.      To the extent that the allegations in the first sentence of paragraph 1 of the Complaint are limited to the SEC's characterizations of this action and purport to state a legal conclusion, no response is required from Cuban.  To the extent any allegations in paragraph 1 may be deemed to be factual, Cuban denies these allegations, except admits that his 600,000 shares of Mamma.com were sold.

2.      Cuban denies the allegations in paragraph 2 of the Complaint.

3.      To the extent that the allegations in paragraph 3 of the Complaint are limited to the SEC's characterizations of this action and purport to state a legal conclusion, no response is required from Cuban.  To the extent any allegations in paragraph 3 may be deemed to be factual, Cuban denies these allegations.

## **Jurisdiction and Venue**

4.      To the extent that paragraph 4 purports to state a legal conclusion, no responsive pleading is required.  Cuban admits that the SEC seeks to bring this action "pursuant to Sections 20(b) and 20(d) of the Securities Act [15 U.S.C. §§ 77t(b) and 77t(d)] and Section 21(d) of the Exchange Act [15 U.S.C. § 78u(d)]."

5.      To the extent that paragraph 5 purports to state a legal conclusion, no responsive pleading is required.  Cuban admits that the SEC seeks to invoke this Court's "jurisdiction over this action under Sections 20(b), 20(d), and 22(a) of the Securities Act [15 U.S.C. §§ 77t(b), 77t(d), and 77v(a)] and Sections 21(d), 21(e), 21A, and 27 of the Exchange Act [15 U.S.C. §§ 78u(d), 78u(e), 78u-1, and 78aa]."

6.      To the extent that paragraph 6 purports to state a legal conclusion, no responsive pleading is required.  To the extent any allegations in paragraph 6 may be deemed to be factual, Cuban denies these allegations.

7.      Cuban admits that venue is proper in this district, but denies that any of the transactions, acts, practices, and courses of business alleged provides the basis of any claim against him.

## **Defendant**

8.      Cuban admits the allegations in paragraph 8.

## **Other Relevant Entity**

9.      Cuban lacks sufficient knowledge to form a belief as to the truth or falsity of the allegations in paragraph 9 and on that basis denies them.

**Statement of Facts**

10.     Cuban admits that he acquired 600,000 shares of Mamma.com in March 2004. Cuban admits that on March 15, 2004 he caused to be filed with the SEC a Schedule 13G stating that he owned 600,000 shares of Mamma.com common stock and that such 600,000 shares constituted 6.3% of the outstanding shares of Mamma.com common stock based on 9,538,011 shares of Mamma.com stock outstanding on March 12, 2004.   Cuban denies the remaining allegations in paragraph 10.

11.     Cuban lacks sufficient knowledge to form a belief as to the truth or falsity of the allegations in paragraph 11 and on that basis denies them.

12.     Cuban lacks sufficient knowledge to form a belief as to the truth or falsity of the allegations in paragraph 12 and on that basis denies them.

13.     Cuban admits that on June 28, 2004, Guy Fauré sent Cuban an email with the subject "Call me pls" and refers to the text of that email for a complete statement of its contents. Cuban lacks sufficient knowledge to form a belief as to the truth or falsity of the remaining allegations in paragraph 13 and on that basis denies them.

14.     Cuban denies the allegations in paragraph 14.

15.     Cuban lacks sufficient knowledge to form a belief as to the truth or falsity of the allegations in paragraph 15 and on that basis denies them.

16.     Cuban admits that on June 28, 2004, Guy Fauré sent Cuban an email containing the Merriman sales representative's phone number and refers to the text of that email for a complete statement of its contents.  Cuban denies the remaining allegations in paragraph 16.

17.     Cuban admits that he spoke telephonically to Arnold Owen, the Merriman sales representative.  Cuban denies the remaining allegations in paragraph 17.

18.     Cuban admits that sometime after 4 p.m. Eastern Standard Time on June 28, 2004, he called his broker and told the broker to sell his entire 600,000 share position in Mamma.com.  Cuban denies the remaining allegations in paragraph 18.

19.     Cuban admits that 10,000 of his 600,000 shares of Mamma.com stock were sold during after-hours trading on June 28, 2004 at an average cost per share of $13.4990.  Cuban denies the remaining allegations in paragraph 19 on the basis that Cuban's broker, not Cuban himself, executed the sale of the 10,000 shares of stock.

20.     To the extent that the allegations on paragraph 20 relate to email correspondence of which Cuban was neither a sender nor a direct or indirect recipient, Cuban lacks sufficient knowledge to form a belief as to the truth or falsity of the allegations in paragraph 20 and on that basis denies them.  Cuban specifically denies the allegations in paragraph 20 that describe any interaction between Cuban and anyone at Mamma.com to the extent that the allegations purport to establish that statements in the referenced email were made to Cuban or by Cuban.

21.     Cuban admits that his remaining 590,000 Mamma.com shares were sold on June 29, 2004 between the hours of 9:30 a.m. and 4 p.m. at an average cost per share of $13.2937.  Cuban denies the remaining allegations in paragraph 21 on the basis that Cuban's broker, not Cuban himself, executed the sale of the 590,000 shares of stock.

22.     Cuban admits the allegations in paragraph 22.

23.     Cuban admits the allegations in paragraph 23.

24.     Cuban denies the allegations in paragraph 24.

25.     Cuban denies the allegations in paragraph 25.

26.     To the extent that the allegations in paragraph 26 purport to state a legal conclusion, no response is required from Cuban.  To the extent that any allegations in paragraph 26 may be deemed to be factual, Cuban denies those allegations.

27.     To the extent that the allegations in paragraph 27 purport to state a legal conclusion, no response is required from Cuban.  To the extent that any allegations in paragraph 27 may be deemed to be factual, Cuban denies those allegations.

## First Claim

28.     With respect to the allegations in paragraph 28, Cuban restates each of his answers to paragraphs 1 through 27.

29.     To the extent that the allegations in paragraph 29 purport to state a legal conclusion, no response is required from Cuban.  To the extent any allegations in paragraph 29 may be deemed to be factual, Cuban denies those allegations.

30.     To the extent that the allegations in paragraph 30 purport to state a legal conclusion, no response is required from Cuban.  To the extent any allegations in paragraph 30 may be deemed to be factual, Cuban denies those allegations.

## Second Claim

31.     With respect to the allegations in paragraph 31, Cuban restates each of his answers to paragraphs 1 through 30.

32.     To the extent that the allegations in paragraph 32 purport to state a legal conclusion, no response is required from Cuban.  To the extent any allegations in paragraph 32 may be deemed to be factual, Cuban denies those allegations.

33.    To the extent that the allegations in paragraph 33 purport to state a legal conclusion, no response is required from Cuban.  To the extent any allegations in paragraph 33 may be deemed to be factual, Cuban denies those allegations.

### Prayer for Relief

Cuban denies that the SEC is entitled to any of the relief requested.

## ALLEGATIONS NOT SPECIFICALLY ADMITTED

Cuban denies any and all allegations in the Complaint that are not specifically admitted above in their entirety, including, in particular, any allegations contained in the section and subsection headings of the Complaint.

## AFFIRMATIVE AND OTHER DEFENSES

Cuban asserts the following known affirmative defenses.  In asserting these defenses, Cuban does not assume the burden of proof with respect to any issue as to which applicable law places the burden of proof upon the SEC.

### First Affirmative Defense

The Complaint does not state a cause of action upon which relief can be granted against Cuban.

### Second Affirmative Defense

Cuban avers that his 600,000 shares in Mamma.com were sold in good faith in conformity with the rules and regulations of the Securities and Exchange Commission and, therefore, pursuant to Section 19(a) of the Securities Act of 1933 and/or Section 23(a) of the Securities Exchange Act of 1934, there is no liability for such sale.

### Third Affirmative Defense

The Complaint fails to plead fraud with the particularity required by Federal Rule of Civil Procedure 9(b).

### Fourth Affirmative Defense

The SEC's claims for injunctive relief are barred by the doctrine of unclean hands because the SEC and its agents engaged in egregious acts of misconduct in connection with the investigation of its claims against Cuban to the prejudice of Mr. Cuban.  Indeed, the SEC staff conducted its investigation in an unfair, biased and improper manner designed to prevent Mr. Cuban from being able to (a) successfully persuade the Commission not to bring this action and (b) mount an effective defense to the claims against him.

First, the SEC staff members involved in investigating Mr. Cuban were committed to bringing this action against Mr. Cuban, regardless of what their investigation actually revealed.

- Email correspondence among those in supervisory roles within the SEC Enforcement Division evidences a significant bias against Mr. Cuban, made manifest even before the SEC sought any formal action against him. Indeed, two weeks before the formal order of investigation was issued in this case, the SEC staff member supervising the investigation of Mr. Cuban sent an email with an unflattering set of photos of Mr. Cuban to the Director of Enforcement and the Chief Counsel of the Enforcement Division, prompting emails responses of "charming" and "Now I feel fully informed.  The picture with the money is particularly helpful and certainly speaks a 1,000 words (if not more)."

- Prior to meeting with many of the critical witnesses in this matter, an SEC staff member responded to a comment by one of Mr. Cuban's lawyers regarding Mr. Cuban's sale of Mamma.com stock by stating that "Mr. Cuban takes irrational and silly risks every day."

Second, the SEC staff deliberately undermined and abused the Wells process, pursuant to which Mr. Cuban was supposed to have been given a fair opportunity to

persuade the Commission not to bring any action against him.

- In May 2007, the SEC staff initiated a Wells call to Mr. Cuban's counsel. On that call, the staff announced that it planned to recommend the Commission bring a civil enforcement action against Mr. Cuban. The staff told Mr. Cuban's counsel that its recommendation was supported by the evidentiary record. In particular, the staff stated, during a June 28, 2004 call between Mr. Cuban and Mr. Fauré (Mamma.com's CEO), Mr. Cuban agreed to keep the information he received confidential and Mr. Fauré then created a contemporaneous document reflecting the existence of that agreement. In fact, the SEC did not have any evidence that Mr. Cuban entered into a confidentiality agreement and Mr. Fauré did not create any such contemporaneous document. Mr. Cuban's first Wells submission (setting forth the reasons why the Commission should not bring an action against him) assumed the existence of this supposed evidence.

- The SEC staff's decision to recommend the Commission bring a civil enforcement action against Mr. Cuban was made before the SEC's investigation was "substantially complete" – in contravention of procedures in the SEC Enforcement manual.

- Mr. Cuban's counsel submitted a second Wells submission in September 2007, while the SEC staff was still conducting witness interviews. Nevertheless, the staff informed Mr. Cuban's counsel that there could be no assurance that the submission would be given to the Commission. Although the staff, as part of this litigation, has informed Mr. Cuban that the submission was given to the Commission, Mr. Cuban has never received confirmation that the Commission actually reviewed and considered the document as part of its deliberative process.

Finally, the SEC staff engaged in acts of outright investigative and litigation

misconduct.

- An SEC staff member discouraged a key witness's counsel from making the witness available to speak with Mr. Cuban's counsel. The SEC was informed of this misconduct in September 2007, but apparently never conducted an investigation.

- The SEC staff threatened this same witness with perjury when, during his sworn testimony, the witness was unable to clearly recall certain statements he supposedly had made to the SEC in a phone interview conducted ten months before.

- In September 2007, the SEC staff sent a letter to Mamma.com stating that the SEC's separate investigation of the company had been closed. Less than two weeks later, the SEC staff took the sworn testimony of Mr. Fauré

for the second time in an apparent effort to get him to change his earlier testimony concerning his June 28, 2004 call with Mr. Cuban.

- The SEC staff filed a complaint in this action asserting that Mr. Cuban had entered into a confidentiality agreement, despite the lack of any evidentiary support for the existence of such an agreement.[1]

### Fifth Affirmative Defense

The SEC's claim for injunctive relief is barred because Cuban has not violated the Securities Act or the Exchange Act, and because the SEC cannot demonstrate an equitable need for such relief.

### Sixth Affirmative Defense

The relief sought by the SEC in whole or in part exceeds its lawful authority.

Cuban reserves the right to timely raise any additional affirmative defenses not yet asserted which he becomes aware of through discovery, other investigation or additional disclosures by the SEC.

### REQUEST FOR RELIEF

Cuban respectfully requests that this Court grant judgment in his favor as follows:

a.    That the Complaint be dismissed in its entirety with prejudice;

b.    That judgment be entered in Cuban's favor on his affirmative defenses;

c.    That Cuban be awarded his costs and expenses; and

d.    That this Court grant Cuban such other and further relief as may be just and proper.

---

[1] Many of these acts of misconduct are detailed more fully in the record of this case, including in the Memorandum of Law of Mark Cuban In Support of Motion for Attorneys' Fees and Expenses, Mr. Cuban's Reply to the SEC's Opposition thereto, the Memorandum of Law of Mark Cuban in Support of Motion to Compel Responses to Interrogatories and Production of Documents, Mr. Cuban's Reply to the SEC's Opposition thereto, and Mr. Cuban's Opposition to the SEC's Motion to Compel Responses to Interrogatories and Production of Documents.

Respectfully submitted,

Dated February 4, 2011

By: s/ Stephen A. Best
_____
Stephen A. Best
D.C. Bar No. 428447
BROWNSTEIN HYATT FARBER SCHRECK LLP
1350 I Street NW, #510
Washington, D.C. 20005
Telephone: (202) 747-0500
Facsimile: (202) 296-7009
sbest@bhfs.com

Ralph C. Ferrara (*pro hac vice*)
D.C. Bar No. 156380
Lyle Roberts (*pro hac vice*)
D.C. Bar No. 464789
George E. Anhang
D.C. Bar No. 461936
Leslie A. Maria
D.C. Bar No. 484806
DEWEY & LEBOEUF LLP
1101 New York Avenue, NW
Washington, D.C. 20005
Telephone: (202) 346-8000
Facsimile: (202) 346-8102
rferrara@dl.com
lroberts@dl.com
geanhang@dl.com
lmaria@dl.com

Christopher J. Clark (*pro hac vice*)
N.Y. Bar No. 2854222
DEWEY & LEBOEUF LLP
1301 Avenue of the Americas
New York, New York 10019
Telephone: (212) 259-8000
Facsimile: (212) 259-6333
cjclark@dl.com

*Attorneys for Mark Cuban*

10

OF COUNSEL:

Thomas M. Melsheimer
Texas Bar No. 13922550
Steven H. Stodghill
Texas Bar No. 19261100
FISH & RICHARDSON P.C.
1717 Main Street, Suite 5000
Dallas, Texas 75201
Telephone: 214-747-5070
Facsimile: 214-747-2091
melsheimer@fr.com
stodghill@fr.com

## <u>CERTIFICATE OF SERVICE</u>

On February 4, 2011, I electronically submitted the foregoing document with the Clerk of Court for the U.S. District Court, Northern District of Texas, using the electronic case filing system of the Court.  I hereby certify that I have served all counsel and/or *pro se* parties of record (shown below) electronically or by another manner authorized by Federal Rule of Civil Procedure 5(b)(2).

Kevin P. O'Rourke, Esq.
Scott W. Friestad, Esq.
Robert B. Kaplan, Esq.
Daniel T. Chadouin, Esq.
Julie M. Riewe, Esq.
Adam S. Aderton, Esq.
Duane K. Thompson, Esq.
Thomas J. Karr
U.S. Securities and Exchange Commission
100 F Street, NE
Washington, DC 20549
Telephone: (202) 551-4442 (O' Rourke)
Facsimile: (202) 772-9246 (O' Rourke)
orourkek@sec.gov


Toby Galloway, Esq.
U.S. Securities and Exchange Commission
Burnett Plaza Suite 1900
801 Cherry Street, Unit 18
Fort Worth, TX 76102
Telephone:  (817) 978-6447
Facsimile:  (817) 299-2700

*Counsel for Plaintiff*
*Securities and Exchange Commission*

s/ Stephen A. Best
Stephen A. Best