IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| SECURITIES AND EXCHANGE | § | |
| COMMISSION, | § | |
| | § | |
| Plaintiff, | § | |
| | § | Civil Action No. 3:08-CV-2050-D |
| VS. | § | |
| | § | |
| MARK CUBAN, | § | |
| | § | |
| Defendant. | § | |

MEMORANDUM OPINION
AND ORDER

The September 28, 2011 amended second motion to compel production of documents of defendant Mark Cuban ("Cuban") is granted in part and denied in part. The November 22, 2011 motion to compel production of documents of plaintiff Securities and Exchange Commission ("SEC") is granted.[1]

I

A

Cuban moves under Fed. R. Civ. P. 37(a) to compel the SEC to produce the following four categories of documents: (1) all nonprivileged portions of its investigative file for the SEC's investigation into Mamma.com; (2) all documents pertaining to the relationship

---

[1]Under § 205(a)(5) of the E-Government Act of 2002 and the definition of "written opinion" adopted by the Judicial Conference of the United States, this is a "written opinion[] issued by the court" because it "sets forth a reasoned explanation for [the] court's decision." It has been written, however, primarily for the parties, to decide issues presented in this case, and not for publication in an official reporter, and should be understood accordingly.

between the Mamma.com investigation and the investigation into Cuban; (3) all documents relating to the involvement of Irving, Ian, or Michael Kott with Mamma.com; and (4) all factual portions of the SEC's notes and interview summaries from the witness interviews conducted in the course of its investigation of Cuban. Cuban also moves the court to require the SEC to produce a privilege log identifying all documents withheld as privileged from its productions in merits discovery in this action, specifying for each withheld document the specific basis for asserting privilege, and that all future SEC productions include a similar privilege log if documents are withheld as privileged.

B

The court considers the first two categories together. Cuban has at least shown that the nonprivileged portions of the SEC's investigative file for the investigation of Mamma.com, and documents pertaining to the relationship between the Mamma.com investigation and the investigation of Cuban, are relevant to the credibility of Mamma.com witnesses, including CEO Guy Fauré ("Fauré"), and are therefore within the scope of Rule 26(b)(1). Cuban has established that he is doing more than engaging in a fishing expedition in seeking this discovery.

The SEC has failed to demonstrate sufficient grounds to deny such production. To the extent it objects on the grounds of overbreadth and burden, the court notes that Cuban is requesting only nonprivileged parts of the investigative file. And although the SEC complains that it has already answered interrogatories regarding the Mamma.com investigation, this is insufficient under the circumstances to deny Cuban the ability to

examine the documents at issue.  Finally, to the extent the SEC is relying on privileges or the work product doctrine, it can withhold production on these grounds where a privilege or the work product doctrine applies.

The court therefore grants Cuban's motion as to these two categories.

C

Cuban also moves to compel the SEC to produce all documents relating to the involvement of Irving, Ian, or Michael Kott (collectively, "the Kotts") with Mamma.com.

Cuban has not satisfied his burden of demonstrating that these documents are discoverable.[2]  To the extent he maintains the documents bear on whether he acted with *scienter*—i.e., relate to his contention that he sold his Mamma.com stock partly due to concern for the Kotts' involvement in the company—he has not made a sufficient preliminary showing that these documents would pertain to what *he knew* at the time.  For example, there is no suggestion that, when he decided to sell his Mamma.com stock, he was aware of such documents or of what they showed about the Kotts.  Nor has he shown how these documents would relate to issues about Fauré's credibility.

Concluding that Cuban has not demonstrated the relevance of these requested documents, the court denies his request for the production of documents regarding the Kotts's involvement in Mamma.com.

---

[2]To the extent, if any, that such documents are included in the first or second category addressed *supra* at § I(B), the SEC is obligated to produce them—subject to a claim of privilege or the work product doctrine—insofar as they fall within one of those categories.

D

Cuban moves to compel the SEC to produce all factual portions of the SEC's notes and interview summaries from the witness interviews conducted in the course of its investigation of Cuban. The SEC opposes this category based on the work product doctrine.

Even assuming that the materials requested are merely ordinary, not opinion, work product,[3] Cuban has failed to demonstrate undue hardship. Cuban contends that he is unable to acquire the information found in the SEC's interview notes and summaries because it reflects the *initial* statements of Fauré and other interviewees. But Cuban has access to notes taken by Mamma.com personnel of SEC interviews, and transcripts of sworn, investigative testimony of such witnesses; he has taken his own unsworn, transcribed statements from several witnesses; and he has had the opportunity to depose these witnesses. His failure to demonstrate undue hardship is alone an adequate basis to deny his motion to compel in this

---

[3]Ordinary work product includes materials "prepared in anticipation of litigation or for trial by or for another party or its representative." *See* Rule 26(b)(3)(A). The party seeking discovery must "show[] that it has substantial need for the materials to prepare its case and cannot, without undue hardship, obtain their substantial equivalent by other means." *See id.* at Rule 26(b)(3)(A)(ii). Opinion work product includes "mental impressions, conclusions, opinions, or legal theories of a party's attorney or other representative concerning the litigation." *See id.* at 26(b)(3)(B). The party seeking discovery must demonstrate "a compelling need for the information." *SEC v. Brady*, 238 F.R.D. 429, 443 (N.D. Tex. 2006) (Ramirez, J.) (citing *Varel v. Banc One Capital Partners, Inc.*, 1997 WL 86457, at *5 (N.D. Tex. Feb. 25, 1997)); *see also In re Int'l Sys. & Controls Corp. Securities Litig.*, 693 F.2d 1235, 1240 (5th Cir. 1982) (requiring "higher showing" for opinion work product and noting that "[s]ome courts have [even] provided an almost absolute protection for such materials"). Because Cuban has failed to meet his burden under the lower, ordinary work product standard, the court need not conduct *in camera* review of the notes and summaries, as Cuban requests, to determine whether the requested materials are ordinary or opinion work product.

respect. *See, e.g., SEC v. Brady*, 238 F.R.D. 429, 443 (N.D. Tex. 2006) (Ramirez, J.) (holding that "party seeking the materials [must] demonstrate[] a substantial need for the information *and* an inability to obtain the substantial equivalent without undue hardship" (emphasis added)). The court therefore denies Cuban's motion as to this category.

## II

The court considers together Cuban's final request in his motion to compel and the SEC's motion to compel. Cuban moves to require the SEC to produce a privilege log identifying all documents withheld as privileged from its productions in merits discovery, specifying for each withheld document the specific basis for asserting privilege. He also seeks an order directing that all future SEC productions include a similar privilege log, if documents are withheld as privileged. The SEC moves under Rule 37(a)(1) to compel Cuban to produce a privilege log identifying documents he has withheld based on privilege for the period after December 31, 2006 and through March 10, 2011.

## A

In response to Cuban's request, the SEC maintains that the requested documents are irrelevant, substantially overlap with the SEC's privilege log produced during the fees discovery period, or are plainly privileged and therefore burdensome to log.[4]

The court grants Cuban's motion in this respect and directs the SEC to produce a privilege log for all materials withheld on the basis of privilege. The court has now

---

[4]It also criticizes Cuban for seeking a privilege log when he has not produced one for communications after 2007.

determined whether Cuban is requesting discoverable materials. The SEC must produce a privilege log for any documents withheld as privileged. The SEC has failed to show sufficient overlap to excuse this requirement. And it has not established that this requirement should be excused as burdensome. *See, e.g., Estate of Manship v. United States*, 232 F.R.D. 552, 561 (M.D. La. 2005) (holding that "[e]ven if describing the protected materials in a log may be difficult to do . . ., it is nevertheless the obligation of the [defendant] United States under [Rule] 26(b)(5)"). The court therefore grants Cuban's motion in this respect.

B

Cuban opposes the SEC's request for a privilege log for materials withheld for the period after December 31, 2006 and through March 10, 2011. He contends that the requested log encompasses a temporal scope that is not reasonably related to the complaint, suggesting that the requested documents lack relevance to the case. The court concludes, however, that this period is relevant. The SEC's investigation began in early December 2006, so documents created in and after 2007 would, for example, shed light on Cuban's interaction with several potential fact witnesses. Cuban also objects based on overbreadth and undue burden. But largely for the reasons addressed above concerning the SEC's similar objections, the court rejects Cuban's objection. The SEC's motion is granted in this respect.

\*   \*   \*

The court grants in part and denies in part Cuban's September 28, 2011 amended second motion to compel, and it grants the SEC's November 22, 2011 motion to compel. Despite the disagreements reflected in these motions, the parties appear to have worked

cooperatively during this litigation.[5]  For this reason, and because the parties are presently engaged in discovery under the court's January 13, 2012 scheduling order that may affect the optimal timing for compliance with these rulings, the court directs them to attempt to reach agreement concerning the timing for compliance.  If they cannot do so within 14 days of the date this memorandum opinion and order is filed, they must advise the court by letter and set out their respective positions, and the court will establish the schedule.

**SO ORDERED.**

February 10, 2012.

_____
SIDNEY A. FITZWATER
CHIEF JUDGE

---

[5]For example, this litigation has *not* been marked by the kind of ongoing discovery disputes that the court sometimes observes in similar cases.