IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

SECURITIES AND EXCHANGE §
COMMISSION, §
§
                     Plaintiff, §
§ Civil Action No. 3:08-CV-2050-D
VS. §
§
MARK CUBAN, §
§
                     Defendant. §

MEMORANDUM OPINION
AND ORDER

Defendant Mark Cuban ("Cuban") moves the court to compel the production of documents by plaintiff Securities and Exchange Commission ("SEC") and to reconsider its ruling regarding SEC interview notes and summaries. For the reasons that follow, the court grants in part and denies in part the motion to compel and denies the motion for reconsideration.[1]

I

For purposes of this decision, the court need not recount the background facts and procedural history at length. It will, as necessary, do so within the context of its rulings.

Cuban moves the court to reconsider the portion of its February 10, 2012

---

[1]On March 5, 2013 the court filed its memorandum opinion and order denying Cuban's motion for summary judgment. *See SEC v. Cuban*, 2013 WL 791405 (N.D. Tex. Mar. 5, 2013) (Fitzwater, C.J.). Having determined that the case must proceed to trial, the court now reaches the instant motion to compel and for reconsideration. Four motions that challenge the testimony of expert witnesses, and a motion to continue the trial, remain pending.

memorandum opinion and order denying his September 28, 2011 amended second motion to compel production of documents. *See SEC v. Cuban*, 2012 WL 456532, at *2 (N.D. Tex. Feb. 10, 2012) (Fitzwater, C.J.) ("February 10 Ruling").[2]  His motion for reconsideration seeks to compel production of all factual portions of the SEC's notes and summaries from the witness interviews it conducted in the course of investigating him.  Cuban also moves the court to compel the SEC to produce its notes and summaries from the interviews it conducted in the course of investigating Mamma.com, and to compel the SEC to produce exhibits attached to the already-disclosed Office of Inspector General ("OIG") report that addressed allegations of SEC misconduct in investigating Cuban.  The SEC opposes the motion.

## II

The court turns first to the part of Cuban's motion that seeks reconsideration of the court's ruling regarding SEC interview notes and summaries from its investigation of him.

### A

In the February 10 Ruling, the court denied the part of Cuban's motion to compel that sought all factual portions of the SEC's notes and interview summaries from the witness interviews it conducted in the course of investigating him.  *See* February 10 Ruling, 2012 WL 456532, at *2.  The SEC had opposed this category of Cuban's motion based on the work product doctrine.  The court held that, even if it assumed that the materials requested were

---

[2]For clarity in this and other decisions in this case, the court will confine its use of shorthand citations such as "*Cuban I*" to substantive memorandum opinions and orders and will refer to its February 10, 2012 discovery decision as the "February 10 Ruling."

merely ordinary, not opinion, work product, Cuban had failed to make the required showing of undue hardship. *Id.*[3] Cuban had contended that he was unable to acquire the information found in the SEC's notes and interview summaries because it reflected the initial statements of Mamma.com CEO Guy Fauré ("Fauré") and other interviewees. The court denied this aspect of the motion to compel, finding that Cuban could not make the required showing of undue hardship because he had access to notes taken by Mamma.com personnel of SEC interviews, and transcripts of sworn, investigative testimony of such witnesses; he had taken his own unsworn, transcribed statements from several witnesses; and he had had the opportunity to depose these witnesses. *Id.*

Cuban urges the court to reconsider this decision based on newly discovered evidence. He maintains that, after the court's ruling, the SEC produced notes from its June 30, 2004 interview of him, and these notes contained information that he had been unable to recall at his 2007 investigative testimony and at his 2012 deposition. He contends that, because these notes provide information that he could not recall during later testimony, the same may be true of other witnesses. Cuban identifies Fauré as an example of a witness for whom the SEC's interview notes may provide information that Fauré could not later recall. Cuban posits that because Fauré cannot recall information that may be included in the SEC's notes, there is undue hardship. *See* D. Br. 11 ("'Plaintiff may however, demonstrate undue hardship

---

[3]For purposes of the motion for reconsideration, the court need not decide whether the materials at issue are opinion work product because Cuban has failed to meet his burden under the lower, ordinary work product standard. *See* February 10 Ruling, 2012 WL 456532, at *2 n.3.

if the witness cannot recall the events in question, or is unavailable.'" (quoting *In re Int'l Sys. & Controls Corp. Sec. Litig.*, 693 F.2d 1235, 1240 (5th Cir. 1982))).

The SEC responds that this new evidence does not justify the court's reconsidering its decision. The SEC maintains that, for most of the interviews at issue, Cuban has received notes taken by Mamma.com's counsel. It also posits that its interviews "occurred contemporaneously with on the record testimony taken by the SEC and with Cuban's own efforts to obtain witness statements." P. Br. 11. The SEC cites as an example Fauré's investigative testimony—the transcript of which Cuban has already received—that was given within one month after the SEC interviewed Fauré by telephone in December 2006. Cuban replies that the telephone interviews of other witnesses, such as Arnold Owen ("Owen"), were not conducted contemporaneously with the investigative interviews. *See* D. Reply Br. 5 n.5 (citing evidence that the SEC interviewed Owen in December 2006, but that he did not give his investigative testimony until October 2007).

B

Because the court's interlocutory discovery decision did not result in a final judgment, Fed. R. Civ. P. 54(b) governs whether the court reconsiders its ruling. *See Dos Santos v. Bell Helicopter Textron, Inc.*, 651 F.Supp.2d 550, 553 (N.D. Tex. 2009) (Means, J.). The court "possesses the inherent procedural power to reconsider, rescind, or modify an interlocutory order for cause seen by it to be sufficient." *Colli v. S. Methodist Univ.*, 2011 WL 3524403, at *1 (N.D. Tex. Feb. 14, 2011) (Solis, J.) (quoting *Melancon v. Texaco, Inc.*, 659 F.2d 551, 553 (5th Cir. 1981)) (internal quotation marks omitted) . "Such a motion requires the court

- 4 -

to determine 'whether reconsideration is necessary under the relevant circumstances.'" *Brown v. Wichita Cnty., Tex.*, 2011 WL 1562567, at *2 (N.D. Tex. Apr. 26, 2011) (O'Connor, J.) (quoting *Judicial Watch v. Dep't of the Army*, 466 F.Supp.2d 112, 123 (D.D.C. 2006)).

This court has explained that "[m]otions for reconsideration have a narrow purpose and are only appropriate to allow a party to correct manifest errors of law or fact or to present newly discovered evidence." *Reneker v. Offill*, 2012 WL 3599231, at *1 n.1 (N.D. Tex. Aug. 22, 2012) (Fitzwater, C.J.) (quoting *Arrieta v. Yellow Transp., Inc.*, 2009 WL 129731, at *1 (N.D. Tex. Jan. 20, 2009) (Fitzwater C.J.)). "Such motions are not the proper vehicle for rehashing old arguments or advancing theories of the case that could have been presented earlier." *Id.* (quoting *Arrieta*, 2009 WL 129731, at * 1). The decision "whether to grant such a motion [for reconsideration] rests within the discretion of the court." *Colli*, 2011 WL 3524403, at *1 (citation omitted).

C

Assuming *arguendo* that Cuban is in fact relying on newly discovered evidence that justifies the court's reconsidering the February 10 Ruling, Cuban still must overcome the SEC's claim of work-product protection. To obtain the disclosure of ordinary work product,[4] Cuban must demonstrate both "a substantial need for the information *and* an inability to

---

[4]For purposes of the motion to reconsider, the court need not decide whether the materials at issue are opinion work product because Cuban has failed to meet his burden under the lower, ordinary work product standard. *See* February 10 Ruling, 2012 WL 456532, at *2 n.3.

obtain the substantial equivalent without undue hardship." *SEC v. Brady,* 238 F.R.D. 429, 443 (N.D. Tex. 2006) (Ramirez, J.) (emphasis added); Fed. R. Civ. P. 26(b)(3)(A)(ii) (providing that party ordinarily may not discover documents and tangible things prepared in anticipation of litigation or for trial by or for another party or its representative, but, subject to Rule 26(b)(4), "those materials may be discovered if . . . the party shows that it has substantial need for the materials to prepare its case and cannot, without undue hardship, obtain their substantial equivalent by other means").

Substantial need and undue hardship are related inquiries because it is necessary to define the information for which a party has a substantial need in order to determine whether substantially equivalent information can be obtained without undue hardship. *See, e.g., Fisher v. Nat'l R.R. Passenger Corp.*, 152 F.R.D. 145, 152 (S.D. Ind. 1993) ("Existence of a viable alternative to invading work product, will, in most situations—and in this case—negate any substantial need."); *Fletcher v. Union Pac. R.R. Co.*, 194 F.R.D. 666, 671 (S.D. Cal. 2000) (noting "considerable overlap between substantial need and undue hardship," and explaining that "[t]he extent to which a party needs information contained in an opponent's work product depends, in large part, on whether the work product is unique."). *See also Int'l Sys.*, 693 F.2d at 1241 (noting that substantial need and undue hardship "are part of a balancing test"). Accordingly, to compel the SEC to disclose its ordinary work product, Cuban must demonstrate a substantial need for the work product, the substantial equivalent of which he cannot obtain by other means without undue hardship. "[B]road unsubstantiated assertions of unavailability or faulty memory are not sufficient" to

demonstrate undue hardship.  *Int'l Sys.*, 693 F.2d at 1240.

D

Cuban maintains that he has substantial need for the SEC's interview notes and summaries from its investigation of him because they are early records of witness recollections and thus may present the most complete account of the events of this case, which is necessary to mount his defense.  He asserts that he faces undue hardship in obtaining by other means the substantial equivalent of the information in the SEC's notes and summaries because these documents may contain information that the witnesses had forgotten by the time they provided their investigative testimony and gave their depositions.

The court recognizes that Cuban has a need for information about what occurred on June 28, 2004, particularly during his telephone conversations with Fauré and Owen, and that when Fauré and Owen later provided testimony, they could not recall precisely what was said during their conversations with Cuban.  *See, e.g.,* D. App. 231 (Fauré's investigative testimony) (averring that he "[didn't] remember the exact words" of telephone conversation).  But despite this need, Cuban has failed to meet his burden of demonstrating that he cannot obtain the substantial equivalent of the information in the SEC's notes and summaries without undue hardship.

Cuban already has access to notes taken by Mamma.com of some of the interviews at issue.  The parties dispute how many of these interviews have notes that Cuban can

access,[5] but Cuban has the burden of overcoming the claim of work-product protection, and he does not specify any particular witness' interview for which he lacks notes.  And regarding Fauré's interview in particular, Cuban does not contest the SEC's assertion that he has already obtained Mamma.com's notes of that interview.  *See* P. Br. 11.  Cuban also fails to adequately demonstrate why Mamma.com's notes do not contain substantially equivalent information to that which he seeks.[6]

In addition to having access to notes from some of the very interviews at issue, Cuban also has transcripts of sworn, investigative testimony of the witnesses; has taken his own unsworn, transcribed statements from several witnesses; and has had the opportunity to depose witnesses.  *See* February 10 Ruling, 2012 WL 456532, at *2.  Cuban objects that these records do not contain substantially equivalent information because, by the time of

---

[5]The SEC maintains that Cuban "has notes from Mamma[.com]'s counsel of *most of the interviews* that he now seeks," P. Br. 10 (emphasis added); Cuban replies that he "does not have access to the notes from many of the interviews either on account of the joint-defense privilege or because counsel for Mamma.com was not present," D. Reply Br. 4.

[6]In his reply brief in support of his September 28, 2011 amended second motion to compel production of documents (the motion that the court addressed in the February 10 Ruling), Cuban asserted that the interview notes from Mamma.com are "not extensive and – unless the SEC is willing to stipulate that these notes convey the entirety of what Mr. Fauré stated at his interview – cannot be considered the 'substantial equivalent' of other, more detailed notes." 2d Am. Mot. Reply Br. 8 n.13.  This argument, offered in a footnote and with no examples or further explanation, fails to demonstrate that the notes do not provide substantially equivalent information.  For instance, if the notes taken by Mamma.com reflect what Fauré said about material parts of his telephone conversation with Cuban, they would appear to provide substantially equivalent information to what the SEC's notes and summaries contain, even if the Mamma.com notes are less detailed overall than those taken by the SEC.

these witnesses' investigative testimony and depositions, they may have forgotten information that the SEC has recorded in its notes and summaries of initial interviews. As support, he relies on the fact that the SEC's notes of his initial interview contain details that he could not recall during his investigative testimony. But there was an almost three-year gap between Cuban's initial interview on June 30, 2004 and his April 3, 2007 investigative testimony. For the witnesses (Fauré and Owen) whom the parties discuss specifically in briefing the instant motion, their initial interviews occurred in December 2006, and they gave investigatory testimony within one year.[7] This comparatively shorter interval makes it less likely that the information in their initial interviews differs from what they recalled when questioned later.

Because Cuban has not satisfied his burden of demonstrating that the information he can obtain without undue hardship—e.g., the Mamma.com notes from the interviews at issue and witness statements recorded relatively close in time to the initial interviews—is not substantially equivalent to information in the SEC's notes and summaries, the court declines to compel the SEC to produce the work product that Cuban requests. Accordingly, his motion to reconsider is denied.

### III

The court now turns to the part of Cuban's motion to compel in which he seeks production of SEC work product in the form of SEC notes and summaries from interviews

---

[7]*See* D. App. 228 (showing that Fauré's gave his investigatory testimony on September 27, 2007).

it conducted while investigating Mamma.com that mention Cuban or relate to the facts and circumstances underlying this case.

## A

In its February 10 Ruling the court addressed the production of evidence from the SEC's investigation of Mamma.com, granting the motion to compel production of the nonprivileged portions of the SEC's investigative file. *See* February 10 Ruling, 2012 WL 456532, at *1. But the court held that, "to the extent the SEC is relying on privileges or the work product doctrine, it can withhold production on these grounds where a privilege or the work product doctrine applies." *Id.* Cuban now moves to compel production of the SEC's interview notes and summaries from its investigation of Mamma.com that mention him or relate to facts and circumstances underlying this case.

## B

As a threshold matter, the court notes that Cuban eschews any attempt to request opinion work product. Opinion work product provides "almost absolute protection" for "the mental impressions, conclusions, opinions, or legal theories of a party's attorney or other representative concerning the litigation." *Int'l Sys.*, 693 F.2d at 1240; Fed. R. Civ. P. 23(b)(3)(B). Acknowledging this high degree of protection, Cuban moves to compel the production of factual portions of interview notes and summaries that do not contain opinions or mental impressions. In fact, objective information, such as verbatim witness testimony, is not opinion work product, *see Enron Corp. Savings Plan v. Hewitt Assocs., L.L.C.*, 258 F.R.D. 149, 161 n.8 (S.D. Tex. 2009) (citing *Kent Corp. v. NLRB*, 530 F.2d 612, 624 (5th

Cir. 1976)), provided that the notes' compilation or organization of such information does not "reveal the lawyer's selection process and thus his mental impressions." *Id.* (citing *Sporck v. Peil*, 759 F.2d 312, 315-16 (3d Cir. 1985)).

But summaries of witness interviews can themselves be "opinion work product because [they] are suffused with the [attorney's] mental impressions and conclusions." *Brady*, 238 F.R.D. at 442 (citation and internal quotation marks omitted). And notes of witness interviews are also generally opinion work product because they can reveal mental impressions, such as the importance placed on certain information. *See id.* (citing *Baker v. Gen. Motors Corp.*, 209 F.3d 1051, 1054 (8th Cir. 2000)). Accordingly, because Cuban is not seeking opinion work product (and thus has not made the required showing to obtain it), the SEC need not under today's ruling produce summaries of interviews or portions of its interview notes that reveal mental impressions.

## C

### 1

Regarding ordinary work product contained in SEC interview notes and summaries—i.e., factual recitations that do not reveal mental impressions—Cuban maintains that he has substantial need because the Mamma.com investigation was underway during June 2004 and therefore can provide information concerning this critical time period. As a further basis for his need for information contained in the notes, Cuban asserts that the SEC has attacked his credibility and theory of the case even while possessing undisclosed information that actually supports his position. To demonstrate undue hardship, Cuban relies

on the same argument recounted above—that the interviewees may have revealed information in their 2004 interviews that they could not recall later in testimony that Cuban can access.

The SEC responds that Cuban has not shown a substantial need for these interview notes because he did not seek them in previous motions to compel (and he waited until two days before the close of discovery to seek production of them), he did not request to meet and confer about them like he did regarding the other discovery at issue here, and he did not specify which interview notes he seeks or how he faces undue hardship in obtaining any particular information.

2

Despite Cuban's failure to seek this information sooner, the court holds that he has met his burden of showing substantial need for discovery of factual, non-opinion work product portions of SEC notes and summaries from interviews it conducted while investigating Mamma.com that mention Cuban or relate to the facts and circumstances underlying this case. Cuban has a substantial need for this information because the investigation of Mamma.com took place during a critical time period for this case, and the persons interviewed are likely to have relevant information that bears directly on the merits of the SEC's case. The court emphasized the importance of this type of information in its recent decision denying Cuban's motion for summary judgment. *See SEC v. Cuban*, 2013 WL 791405, at *5 (N.D. Tex. Mar. 5, 2013) (Fitzwater, C.J.) ("*Cuban IV*") ("In reaching this conclusion, the court emphasizes the closeness of this call. As should be apparent from the

court's reasoning in denying summary judgment, evidence concerning the contents of Cuban's telephone conversation with Fauré and of the conduct of Mamma.com that followed that conversation is critical.")

Cuban has also shown that he cannot, without undue hardship, obtain information substantially equivalent to that found in interviews conducted by the SEC in the course of investigating Mamma.com. Unlike for the interviews conducted during the investigation of Cuban, for which he has access to a parallel set of notes (e.g., those taken by Mamma.com's counsel), there is no indication that there are available notes, other than the SEC's, pertaining to the investigation of Mamma.com. Furthermore, because interviews for the Mamma.com investigation occurred in 2004, there is a three-year gap between these interviews and statements and testimony Cuban can access. Compared to the one-year interval between interviews and investigative testimony in the SEC's investigation of Cuban, this three-year gap presents a greater risk that witnesses could have forgotten important details they recalled in 2004. This makes it more likely that the information in testimony available to Cuban is not substantially equivalent to what would be found in the SEC's notes. Therefore, unlike with the SEC interview notes and summaries from its investigation of Cuban—where Cuban had access to notes of some of the interviews along with witness testimony taken within one year of the initial interviews, *see supra* § II(D)—he lacks similar notes concerning the Mamma.com investigation, and the temporal gap is greater. Because faulty witness memory is grounds for undue hardship, *see International Systems*, 693 F.2d at 1240, and the interval makes it more likely that later witness testimony is not substantially equivalent to statements

made to the SEC closer to the events in question, the court holds that Cuban has met his burden.

Accordingly, the court grants Cuban's motion to compel to the extent that the SEC must produce any portion of its notes and summaries from interviews it conducted while investigating Mamma.com that mention Cuban or relate to the facts and circumstances underlying this case, provided that the portion is not protected opinion work product.

IV

The court considers next the part of Cuban's motion to compel in which he seeks production of six exhibits attached to the OIG report that addressed his allegations of misconduct by SEC enforcement staff.[8]  The OIG report cites and quotes exhibits that the SEC has not produced because it asserts that they are privileged.  Five of the requested exhibits are records of testimony from SEC attorneys and directors.  The sixth is the SEC's Hub case report for its investigation into Mamma.com.

A

Regarding the exhibits of SEC staff testimony, the SEC asserts, *inter alia*, that the work product doctrine applies.  Cuban does not contest that the work product doctrine applies; he contends that the SEC waived this protection, or, alternatively, that there is substantial need and undue hardship that merit compelled disclosure.

---

[8]Cuban's motion initially sought production of ten exhibits, but after communications with the SEC and its production of two exhibits, Cuban now seeks only six of the ten.

1

Cuban maintains that the SEC waived the work-product protection because the publicly-released OIG report cites the contents of testimony from the exhibits.  He relies on cases finding waiver where parts of privileged testimony were disclosed for tactical purposes in the context of litigation.  *See, e.g., Kintera, Inc. v. Convio, Inc.*, 219 F.R.D. 503, 512-13 (S.D. Cal. 2003); *E.I. Dupont de Nemours & Co. v. Kolon Indus., Inc.*, 269 F.R.D. 600, 605, 607 (E.D. Va. 2010).

The OIG report's citation of protected testimony is distinguishable because it is an internal government report documenting and summarizing witness testimony to address the merit of allegations against SEC enforcement staff.  *See Rockwell Int'l Corp. v. U.S. Dep't of Justice*, 235 F.3d 598, 607 (D.C. Cir. 2001) (upholding application of work product doctrine for undisclosed attachments to publicized government report).  This is not a situation where a party to litigation has revealed a portion of protected information to gain a tactical advantage.  *Cf. E.I. Dupont de Nemours*, 269 F.R.D. at 607 (finding waiver where party's press release selectively disclosed privileged facts, because of "need to prevent litigants from selectively asserting privilege as a tactical tool for their own benefit" (internal quotation marks and brackets omitted)).

"What constitutes a waiver with respect to work-product materials depends, of course, upon the circumstances." *United States v. Nobles*, 422 U.S. 225, 239 n.14 (1975).  The OIG report's use of the privileged testimony does not present the risk of unfair tactical advantage that generally accompanies selective disclosure of privileged testimony during litigation.  *See*

*Rockwell Int'l*, 235 F.3d at 606-07 (declining to find waiver where unnecessary to protect adversary system).  The OIG is not a party to this litigation, and the report was not completed for litigation purposes.

As support for waiver Cuban relies on the fact that the SEC made the affirmative decision to release the OIG report on its website for the public and press to see.  But the SEC's public release of the OIG report without its attached exhibits does not counsel for waiver.  *See Rockwell Int'l*, 235 F.3d at 607 (finding no waiver and stating that court was "untroubled" by federal agency publicly releasing internal investigative report without its attachments, even if agency did so to "put only [its] best face forward").  *Cf. Kintera*, 219 F.R.D. at 512-13 (finding waiver where private party disclosed portions of privileged testimony on its website as a "sword" for commercial advantage against opposing party in litigation).  In fact, it "serves the public interest" to incentivize government agencies' disclosing the results of internal investigations, "even if they do so in a way that presents their agencies in the best possible light."  *Rockwell Int'l*, 235 F.3d at 607.

The court therefore holds that Cuban has failed to show that the SEC waived work-product protection for the witness testimony exhibits to the OIG report.

2

Cuban contends that, even if the work-product protection has not been waived, he has substantial need for the information and will face undue hardship in obtaining its substantial equivalent.  He maintains that the information is crucial to determine the credibility of the Mamma.com witnesses in light of the alleged relationship between the SEC investigations

of him and Mamma.com.  Cuban asserts that he is unable to otherwise obtain substantially equivalent information because the witnesses either cannot recall the events, may still be employed by the SEC, or can invoke privileges against testifying.

Although Cuban may be unable to depose some of the SEC attorneys and directors whose testimony is cited in the OIG report—unavailability is grounds for undue hardship, *see International Systems*, 693 F.2d at 1240—he has failed to show that the information available to him is not substantially equivalent.  The SEC has already produced the OIG report, portions of the investigative file on Mamma.com (and will conceivable produce more under today's decision), and all documents pertaining to the relationship between the Mamma.com investigation and the investigation of Cuban.  *See* February 10 Ruling, 2012 WL 456532, at *1.  And according to the SEC, Cuban has already deposed one of the SEC attorneys whose testimony he seeks here.  Cuban has not offered any explanation regarding how this available information is not substantially equivalent to that which is likely contained in the exhibits of SEC staff testimony.[9]

Accordingly, the court denies the motion to compel production of the witness testimony exhibits.

---

[9]The court recognizes that a movant may sometimes find it difficult to specify the information that is contained in a document he has not seen, and thus may be inhibited from demonstrating that the substantial equivalent is unavailable without undue hardship.  But Cuban fails to acknowledge that he has already received similar information, and he does not offer any explanation for why this information is insufficient, or what different information the privileged witness testimony would likely contain.  He has therefore failed to satisfy his burden of showing that substantially equivalent information is unavailable without undue hardship.

B

The remaining OIG report exhibit that Cuban seeks is exhibit 24—the SEC's Hub case report for the Mamma.com investigation. The Hub is an internal SEC computer system that tracks the work conducted in the enforcement division's investigations. The SEC relies on the law enforcement privilege and deliberative process privilege. It bears the burden of establishing that either privilege applies. *See United States v. Rodriguez*, 948 F.2d 914, 916 (5th Cir. 1991).

The law enforcement privilege "protect[s] government documents relating to an ongoing criminal investigation." *In re U.S. Dep't of Homeland Sec.*, 459 F.3d 565, 569-70 n.2 (5th Cir. 2006). "[T]he law enforcement privilege is bounded by relevance and time constraints." *Id.* at 571. The privilege "lapses after a reasonable period of time," and

> [s]everal types of information probably would not be protected, including documents pertaining to: (1) people who have been investigated in the past but are no longer under investigation, (2) people who merely are suspected of a violation without being part of an ongoing criminal investigation, and (3) people who may have violated only civil provisions.

*Id.*[10]

---

[10]The SEC contends that the law enforcement privilege extends to civil investigations as well. The Fifth Circuit, however, describes the privilege more narrowly than have some circuits, stating that the privilege "probably would not" protect documents pertaining to "people who may have violated only civil provisions." *U.S. Dep't of Homeland Sec.*, 459 F.3d at 571. Judge Lindsay has interpreted the Fifth Circuit's decision as limiting the privilege solely to information concerning ongoing criminal investigations. *See United States ex rel. Becker v. Tools & Metals, Inc.*, 2011 WL 856928, at *3 (N.D. Tex. Mar. 11, 2011) (Lindsay, J.). The undersigned gives "serious and respectful consideration to the decisions of other judges of this court on questions of law—and [the undersigned] typically

The SEC maintains that "Exhibit 24 contains information regarding activities by other law enforcement entities, including criminal and foreign authorities, the disclosure of which would also reveal investigative strategies (along with the existence of other investigations)." P. Br. 23.  The court concludes that the portions of exhibit 24 that concern ongoing criminal investigation are privileged.[11]

The law enforcement privilege does not extend to the information in exhibit 24 concerning civil investigations or concluded criminal investigations.  Because Cuban's motion to compel exhibit 24 seeks only "the Hub Case Report for the H0-09900 investigation into Mamma.com," D. Br. 6 n.3, the court compels only that portion of exhibit 24 that encompasses the Mamma.com investigation and is unrelated to an ongoing criminal investigation.

C

Additional information in exhibit 24 may be privileged under the deliberative process privilege.  "This privilege protects predecisional materials 'reflecting deliberative or

---

follows them because they are usually correct and because predictability in such matters is desirable."  *SEC v. Cuban*, 798 F.Supp.2d 783, 788 (N.D. Tex. 2011) (Fitzwater, C.J.).

[11]In holding that the information concerning ongoing criminal investigations is privileged, the court has considered the factors set out in *Frankenhauser v. Rizzo*, 59 F.R.D. 339, 344 (E.D. Pa. 1973), and it concludes that the importance to Cuban of information regarding criminal matters is outweighed by the consequences of disclosure and of possible obstruction of ongoing investigations.  *See U.S. Dep't of Homeland Sec.*, 459 F.3d at 570-71 (listing factors developed in *Frankenhauser*, 59 F.R.D. at 344, that are necessary to consider when applying law enforcement privilege).  Cuban has not asserted a need to obtain information about a criminal investigation; he seeks information about the investigations of him and Mamma.com.

policy-making processes,' but not materials that are 'purely factual.'" *Skelton v. U.S. Postal Serv.*, 678 F.2d 35, 38 (5th Cir. 1982) (quoting *EPA v. Mink*, 410 U.S. 73, 87-89 (1973)). Facts are privileged to the extent they are intertwined within analysis or evaluation. *See id.*; *see also EEOC v. Fina Oil & Chem. Co.*, 145 F.R.D. 74, 75 (E.D. Tex. 1992). As an example of this standard applied in the similar context of Equal Employment Opportunity Commission ("EEOC") actions, courts hold that the deliberative process privilege does not extend to facts such as who conducted investigations and whom they interviewed, the actions taken by the EEOC during the investigations, and communications between the EEOC and witnesses. *See, e.g., Blanks v. Lockheed Martin Corp.*, 2006 WL 1892512, at *3 (S.D. Miss. July 10, 2006); *Fina Oil & Chem.*, 145 F.R.D. at 76.

Exhibit 24 appears to contain some portions that are purely factual and others that the SEC maintains are analysis of evidence. *See* D. App. 26 (OIG report) (quoting exhibit 24's recitation of facts concerning initiation of Mamma.com investigation). The court holds that the deliberative process privilege encompasses the analytical portions of exhibit 24 and information that reveals deliberative processes, but it does not protect pure facts. The SEC must produce the portions that are not covered by the law enforcement and/or deliberative process privilege.

V

Cuban's June 6, 2012 third motion to compel is granted in part and denied in part, and his motion for reconsideration of the court's ruling regarding SEC interview notes and summaries is denied.

- 20 -

Unless the SEC reasonably needs additional time,[12] it must meet its production obligations under this memorandum opinion and order no later than 30 days after this memorandum opinion and order is filed.

If the SEC has a reasonable basis to question whether production of a particular part of an interview note or summary or of exhibit 24 is required under the terms of this memorandum opinion and order, it may withhold production of that part (e.g., of an entire page or by redacting material within a page).  No later than the production deadline, the SEC must submit the withheld material for *in camera* inspection, accompanied by a statement of the basis for withholding production, and it must contemporaneously notify Cuban that it is withholding production and making an *in camera* submission.  If this occurs, the court will direct the parties concerning how to proceed in resolving whether the withheld material must be disclosed.

**SO ORDERED.**

March 15, 2013.

SIDNEY A. FITZWATER
CHIEF JUDGE

---

[12]If it does, the court expects the parties to attempt in good faith to reach agreement concerning the time for compliance before seeking relief from the court.