IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION, § § § | |
| Plaintiff, § § § | Civil Action No. 3:08-CV-2050-D |
| VS. § § | |
| MARK CUBAN, § § | |
| Defendant. § | |

MEMORANDUM OPINION
AND ORDER

Defendant Mark Cuban's ("Cuban's") August 12, 2013 motion for use of jury questionnaire and additional attorney voir dire is denied.[1]

Based on "the high-profile nature of this case," D. Mot. at 2, "the prior local and national media coverage of this litigation and the public nature of the parties," *id.*, and "the highly public nature of the parties and this litigation," *id.* at 3, Cuban requests that the court permit a brief written jury questionnaire and permit both parties' attorneys to conduct 30 minutes of voir dire. Alternatively, absent a jury questionnaire, he requests 60 minutes of attorney voir dire per side. Cuban maintains in his reply that "there is a substantial risk that the prospective venire will come to the jury-selection process with preconceived beliefs, judgments and opinions—certainly more so than the venire in an average case." D. Reply 1-2. Plaintiff Securities and Exchange Commission ("SEC") opposes the motion, contending, *inter alia*, that "[t]he concerns that Cuban claims animate

---

[1]Under § 205(a)(5) of the E-Government Act of 2002 and the definition of "written opinion" adopted by the Judicial Conference of the United States, this is a "written opinion[] issued by the court" because it "sets forth a reasoned explanation for [the] court's decision." It has been written, however, primarily for the parties, to decide issues presented in this case, and not for publication in an official reporter, and should be understood accordingly.

his desire for a jury questionnaire can be adequately addressed through the Court's established process." P. Resp. 2.[2]

In a civil case, the court usually conducts voir dire in three general phases. First, it poses questions to the entire venire based on questions submitted in advance by the parties[3] and questions that it considers appropriate for the case on trial. Second, it permits one attorney per side to ask follow up questions of the entire venire (a time limit of ten minutes is usually imposed). Third, the court questions individual veniremembers outside the presence of other veniremembers regarding hardship excuses and answers given during the questioning of the entire panel that suggest a basis for individual questioning. Before the third phase begins, each party is permitted to request at a bench conference that one or more veniremembers be questioned further. During the third phase, counsel are permitted to directly question these veniremembers. This questioning process is untimed and is not charged against counsels' ten minutes.[4] Counsel can use this phase to develop grounds to challenge a potential juror for cause or to oppose a cause-based challenge.

"The district court has great latitude to conduct voir dire, including the form and scope of questioning." *United States v. Pratt*, ___ F.3d ___, 2013 WL 4551215, at *3 (5th Cir. Aug. 28,

---

[2]Even if the SEC did not oppose the motion, the court would deny it. *See, e.g., United States v. Bonner*, 2008 WL 149970, at *2 (N.D. Tex. Jan. 14, 2008) (Fitzwater, C.J.) (denying defendant's unopposed motion for one-page juror questionnaire, even though government did not oppose motion, because court was satisfied that it could adequately address through usual voir dire process any valid reasons for requesting use of jury questionnaire).

[3]The court sometimes asks the parties' proposed questions verbatim, sometimes rephrases them or folds them into other questions, and sometimes omits them altogether (such as when they duplicate questions that the court typically asks or that the opposing party has already requested, or when they are considered improper).

[4]The court regulates the questioning to ensure that it is pertinent, but it does not impose a preset time limit.

2013). The Supreme Court has held that it is "not an abuse of discretion for the district court to question potential jurors unilaterally rather than permitting the lawyers to pose questions." *Id.* (citing *Skilling v. United States*, ___ U.S. ___, 130 S.Ct. 2896, 2918, 2923 (2010)).[5] The Fifth Circuit has rejected the "contention that only a trial lawyer is capable of asking the sufficiently probing and nuanced questions to uncover bias." *Id.* at *4. "It is well established that voir dire is the district court's responsibility." *Id.* Fed. R. Civ. P. 47(a) explicitly provides:

> [t]he court may permit the parties or their attorneys to examine prospective jurors or may itself do so. If the court examines the jurors, it must permit the parties or their attorneys to make any further inquiry it considers proper, or must itself ask any of their additional questions it considers proper.

The Fifth Circuit has "repeatedly held that the presiding judge has broad discretion in determining the scope of questioning." *Pratt*, 2013 WL 4551215, at *4.

The court concludes that its usual three-phase process will be sufficient to address the concerns raised in Cuban's motion. In the first and third phases, the court can "ask[] probing questions to ferret out possible bias." *Id.* at *5. During the second phase, counsel can make further, proper inquiries of the entire venire. *See* Rule 47(a). And during the third phase, counsel can question veniremembers directly, without preset time constraints, to ensure that the veniremembers who remain (and who are subject to peremptory strikes) can be fair and impartial.

---

[5]The court recognizes that, in *Pratt* and *Skilling*, extensive juror questionnaires were used. But those cases were high-profile criminal prosecutions that generated substantial media coverage—far more pretrial publicity than has been involved in this civil suit.

Accordingly, Cuban's August 12, 2013 motion for use of jury questionnaire and additional attorney voir dire is denied.

**SO ORDERED**.

September 10, 2013.

_____
SIDNEY A. FITZWATER
CHIEF JUDGE